PETER SELVETTI & others *vs.* BUILDING INSPECTOR OF REVERE.

Suffolk.   December 6, 1967. — February 7, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Zoning,* Lodging house, Motel, Height of building. *Lodging House. Motel.   Words,* "Lodging house."

A building in a general residence zoning district containing ten bedrooms on the basement floor and twelve bedrooms on each of the two upper floors and having no kitchen facilities, or general room for guests other than the vestibule, was rightly found to be adapted for the permissible use of a lodging house in a mandamus proceeding in which the petitioners contended that the building was an impermissible motel. [646]

Observations as to the distinction between a lodging house and a motel. [647–648]

A zoning ordinance providing that the "limit of height" of buildings in certain districts should be "two and one-half stories" did not imply that a basement with its floor below grade should be counted as a story. [648]

The construction of a provision of a zoning ordinance dealing with the number of stories in a building would not determine the number of stories therein for the purposes of G. L. c. 143, § 15. [648]

PETITION for a writ of mandamus filed in the Superior Court on September 24, 1965.

The case was heard by *Moynihan,* J.

*Samuel Leader* for the petitioners.

*Daniel G. Rollins (Melvin A. Cherwin* with him) for the intervener Frank R. Capano, trustee of Eastern States Realty Trust.

WHITTEMORE, J.   This is a petition for a writ of mandamus to order that the building inspector of Revere revoke a building permit and require that the building erected thereunder on Tuttle Street in a general residence district not be used as a motel or lodging house.   By order of the judge in the Superior Court, judgment was entered dis-

missing the petition. The judge found that the building had been erected under a permit to build a "rooming house" and, as constructed, the building is adapted for use as a lodging house. He ruled that neither the building as constructed nor its intended use as a lodging house violates the zoning ordinance. The judge also found and ruled that the building does not violate the ordinance requirements with respect to side yards, front yards and rear yards. The petitioners contend that the building is a motel and as such is not permitted in a general residence district.

The uses permitted in a general residence district include (by reference to the uses permitted in a single residence district), the "taking of boarders or the leasing of rooms by a family resident on the premises, and hotels." The ordinance also permits in a general residence district "two-family dwellings," "boarding and lodging houses" and "community garages." There is no definition of "lodging house." The ordinance does not refer in terms to motels but does mention "tourist homes" in one place only, that is, in the requirement that "tourist homes" in commercial districts have an off-street parking space for each guest bedroom.

The building has a so called basement floor containing ten bedrooms and two utility rooms (meter room and laundry) and twelve bedrooms on each of the two upper floors. The building has no kitchen facilities, or general room for guests other than the vestibule. The intervener testified that he intended to rent rooms through a real estate agent at the latter's office and to accommodate lodgers for fixed periods of not less than one week at a time.

The judge was right that the building is adapted for use as a lodging house. See G. L. c. 140, § 22. A dictionary definition of "lodging" is "accommodation in a house, esp. in rooms for rent" and of "lodging house," "a house in which lodgings are let, esp. a house other than an inn or hotel."

Whether the use to which the structure will be put will conform to the zoning ordinance cannot be the subject of

present adjudication. The intervener's asserted intention is not a binding restriction on the use of the property and gives no assurance of a lodging house operation.

The structure appears to be at least as well adapted to use by transients as by lodgers and we deem certain observations appropriate. In making them we intend no implication of construction of the ordinance, other than that a lodging house is permitted.

The term "lodging house" implies a degree of permanence in the occupancy, at least as distinguished from the transiency of hotel and motel accommodations. *White* v. *Maynard,* 111 Mass. 250. *Adler* v. *Northern Hotel Co.* 80 F. Supp. 776, 780 (N. D. Ill.) ("To be a guest of an inn or hotel it is necessary that the person should be a transient; that is, that he should come to the inn for a more or less definite stay, for if he comes on a permanent basis, he will be deemed a boarder, lodger or tenant"). 43 C. J. S., Innkeepers, § 3, p. 1136. General Laws c. 140 (Title: Licenses), § 22, as amended by St. 1965, c. 171, provides: "'Lodging house', as used in sections twenty-two to thirty-one, inclusive, shall mean a house where lodgings are let to five or more persons not within the second degree of kindred to the person conducting it, and shall include fraternity houses and dormitories of educational institutions, but shall not include dormitories of charitable or philanthropic institutions or convalescent or nursing homes . . . or rest homes . . . ." By contrast the statutory definition of motel in c. 140, § 32A, as amended through St. 1965, c. 426, reads: "The term 'motel', as used in section twenty-seven, in this section, and in sections thirty-two B to thirty-two E, inclusive, shall be construed to mean any building or group of buildings which provide sleeping accommodations for transient motorists and which is not licensed as an inn."

We assume that operation of the structure so that most occupants remain indefinitely and for extended periods would make it a lodging house. But meeting a demand of transient motorists or other travelers for rooms for short periods would not be the operation of a lodging house.

Renting some rooms as lodgings would not change the character of a dominantly transient business.

The absence of a separate outside entrance to each room does not make a building something other than a motel. *Gallagher* v. *Selectmen of Falmouth,* 352 Mass. 307, 309. We think also that the device of having the necessary office on other premises would not make an operation which otherwise was essentially a motel business something else. An inadequate number of parking spaces could mean that motorists given overnight accommodations would have to park in the street, but this circumstance would not change the character of an otherwise transient accommodation.

A dismissal of the petition is to be without prejudice to an appropriate proceeding to raise the issue whether the actual operation of the intervener's building is in violation of the zoning ordinance.

The ordinance under the title "Height Regulations" provides that the "limit of height in single and general residence districts shall be two and one half stories and not over thirty five feet." The judge found that the building "is a so-called two and one-half story building . . . about 25 feet high." The petitioners' contention that the building is a three story building depends upon the characterization of the basement with its floor below grade, as a story for purposes of the height regulation. The ordinance does not in terms so provide nor does it imply it. *O'Connell* v. *Brockton Bd. of Appeals,* 344 Mass. 208, 212–213. *Kolodny* v. *Building Commr. of Brookline,* 346 Mass. 289, 292–293.

The petitioners contend, however, that the structure is more than two stories in height for purposes of G. L. c. 143, § 15, and that there are violations of that section. The construction of the zoning ordinance does not determine the number of stories in the building for purposes of c. 143 ("Inspection and Regulation of, and Licenses for, Buildings, Elevators and Cinematographs"). See *Norcross* v. *Board of Appeal of the Bldg. Dept. of Boston,* 255 Mass. 177, 182–183. This, however, is not an appropriate proceeding to enforce

c. 143.   Judgment in this case shall be without prejudice to the enforcement of applicable State regulations.

We have considered all the points raised by the petitioners and find no error.   No incorrect ruling is shown as to the admissibility of the testimony of the building inspector. The judge rightly ruled that if the building code required the filing of more complete specifications than were filed in this case failure to conform is not a ground for the relief sought.

The judgment is to be vacated.   If within thirty days the petitioners shall move to amend the petition by adding allegations that the operation of the structure violates the zoning ordinance, the case shall stand for hearing on the merits of that issue.   Otherwise, after amendment of the order for judgment in the two respects above stated, the judgment shall be reëntered dismissing the petition.

*So ordered.*