PETER SELVETTI & others *vs.* BUILDING INSPECTOR OF REVERE. June 19,
1969. In *Selvetti* v. *Building Inspector of Revere*, 353 Mass. 645, 649, we
directed that a judgment dismissing this petition for mandamus be vacated.
The case has now been heard on amended pleadings. Applying the principles
outlined in the first *Selvetti* case, we are of opinion that the trial judge reason-
ably concluded that the "actual operation of the intervenor's" guest house
is not in violation of the Revere zoning ordinance which permits "lodging
houses" and "hotels" in general residence districts. The ordinance makes no
clear reference to motels. The trial judge, on conflicting testimony, was
justified in deciding in effect that the guest house predominantly was used by
persons or groups staying for extended periods or under continuous arrange-
ments. The evidence disclosed that Eastern Airlines and Airline Pilots As-
sociation had made agreements on a continuing basis for rotating occupancy
of certain rooms by flight crews, based elsewhere than in Boston. Flight
crews of another air company had a similar but less formal continuing arrange-
ment. These arrangements, and the seasonal occupancies by certain horse
racing personnel, although in some respects unusual, seem to us consistent
with ordinary concepts of a lodging house, even if under the ordinance a motel
could not be operated (see *Gallagher* v. *Board of Appeals of Falmouth,* 351
Mass. 410; *Gallagher* v. *Board of Selectmen of Falmouth*, 352 Mass. 307) in
the district. The guest house was not shown to have any detrimental effect
upon its neighborhood. If Revere wishes to exclude this type of enterprise
from the term "lodging houses," it must do so by precise language.

*Judgment affirmed.*

*Samuel Leader* for the petitioners.
*Daniel G. Rollins (Melvin A. Cherwin* with him) for the intervener Frank R.
Capano, trustee of Eastern States Realty Trust.