WHALER MOTOR INN, INC. *vs.* LOUIS FREEDMAN & another[1] (and a companion case[2]). April 1, 1980. The plaintiff has appealed from the final judgment entered at the conclusion of the further proceedings required by the rescript in *Whaler Motor Inn, Inc.* v. *Parsons*, 372 Mass. 620, 630 (1977). 1. No question was raised below that the approach to value employed by the defendants' experts was speculative or otherwise impermissible as matter of law (contrast *Maher* v. *Commonwealth*, 291 Mass. 343, 348-349 [1935]; *Tigar* v. *Mystic River Bridge Authy.*, 329 Mass. 514, 516, 518-519 [1952]; *Boston Gas Co.* v. *Assessors of Boston*, 334 Mass. 549, 578-579 [1956]); to the contrary, and as the plaintiff concedes in its brief, the defendants' approach to value was recognized by both the plaintiff's experts. The record lends no support for the contention that the judge thought he was compelled to accept the defendants' approach to value or the testimony of their experts (contrast *Piemonte* v. *New Boston Garden Corp.*, 377 Mass. 719, 731-733 [1979]), or for the contention that the judge failed to exercise his own independent judgment in determining the value of the defendants' services. See *Whaler Motor Inn, Inc.* v. *Parsons*, 3 Mass. App. Ct. 662, 676 (1975), S.C., 372 Mass. 620 (1977). The mere fact that the judge found the value of those services to be only $15,000 less than the figure espoused by the defendants' principal expert does not require the conclusion that the judge abdicated his responsibility for determining that value. *Piemonte* v. *New Boston Garden Corp.*, 377 Mass. at 732, 733. Accordingly, the only question on this branch of the case is whether any of the judge's critical findings of fact was "clearly erroneous" within the meaning of Mass.R.Civ.P. 52(a), 365

[1] David Freedman.

[2] Whaler Motor Inn, Inc. *vs.* Nathaniel Lipton & others.

Mass. 816 (1974). *First Natl. Bank* v. *Brink,* 372 Mass. 257, 263-264, 266 (1977). A review of the particular objections advanced by the plaintiff in light of the evidence before the judge discloses little more than the plaintiff's failure to recognize that both appellate courts have held that the defendants are entitled to the value of their services despite their respective breaches of their fiduciary duties. 3 Mass. App. Ct. at 674-676; 372 Mass. at 629-630. On analysis, the objections dissolve into a series of laments that the judge found the defendants' evidence of value more persuasive than the contrary evidence offered by the plaintiff. We are not persuaded that any of the findings was clearly erroneous. 2. At the outset of the litigation the plaintiff had a choice between (a) pursuing each of the defendants for the price he had agreed to pay for his stock under his subscription agreement or (b) seeking the cancellation of that stock. The plaintiff opted for (b), and it is clear that the delay in bringing the whole matter to a conclusion has been occasioned by the plaintiff's pursuit of the untenable position that all the defendants' stock should be cancelled without compensating them for the value of their services in assembling what has turned out to be a profitable corporate opportunity. In the circumstances, the judge did not abuse his discretion in awarding the defendants interest from the date of the commencement of the action. See *H.D. Foss Co.* v. *Whidden,* 254 Mass. 146, 151-152 (1925); *Buckley & Scott Util., Inc.* v. *Petroleum Heat & Power Co.,* 313 Mass. 498, 509 (1943). See also *Parks* v. *Boston,* 15 Pick. 198, 208 (1834); *Young* v. *Winkley,* 191 Mass. 570, 575 (1906). Contrast *Peters* v. *Wallach,* 366 Mass. 622, 629 (1975). There is nothing in the record to support the notion that the judge acted under G. L. c. 231, § 6C, or that he believed he was required to award interest. 3. The contention that there was no evidence before the judge on which he could properly base his findings as to the plaintiff's indebtedness to the Freedmans overlooks the unequivocal testimony of Louis Freedman (at the close of his redirect examination before the judge) to the effect that he and his brother had each advanced $10,000 toward the purchase of the Holiday Inn franchise. Accordingly, it is unnecessary to decide whether the judge's findings could also have been based on the explicit findings on the same subject which had already been made by the master in this case. See *Fisher* v. *Fisher,* 352 Mass. 592, 597 (1967); *Black* v. *School Comm. of Malden,* 369 Mass. 657, 659-660 (1976).

*Judgment affirmed.*

*Howard M. Miller* for the plaintiff.
*Thomas F. McGuire & John A. Tierney* for the defendants.