THE BROTHERHOOD OF ALPHA
UPSILON, INC., Plaintiff
vs.
Frederick H. BALFONI, et als
Defendants

No. 10804

Superior Court
Commonwealth of Massachusetts

September 21, 1981

Michael P. Mack, counsel for plaintiff
Robert G. Clark III, counsel for defendant

## MEMORANDUM OF DECISION RE: FINDINGS OF FACT AND RULING OF LAW

This matter involves an appeal by the plaintiff pursuant to G.L. c. 40A. sec. 17 from a decision of the Zoning Appeals Board that it is in violation of the Zoning By-Law of the Town of Bridgewater. The plaintiff is a fraternal organization, organized as a non-profit Massachusetts corporation under G.L. c. 180, and the owner of a single family dwelling at 25 Park Terrace in Bridgewater, Massachusetts. The defendants are named individuals who comptise Bridgewater's Zoning Appeals Board, Board of Selectmen, and the Building Inspector of the Town of Bridgewater.

A hearing was held before me on Augest 20, 1981. On the basis of those proceedings, the exhibits and memoranda submitted by the parties, the Court makes the following findings of fact and rulings of law.

### FINDINGS OF FACT

(1) The Brotherhood of Alpha Upsilon, Inc. (hereinafter "Alpha Upsilon") is a fraternal organization, duly established under G.L. Chapter 180. Alpha Upsilon's membership is composed of students enrolled at Bridgewater State College or alumni of the college.

(2) Alpha Upsilon's residence is currently located at 25 Park Terrace, Bridgewater, Massachusetts. The location is in a district zoned "General Residence" and adjacent to the Bridgewater State College campus. This zoning designation, adopted in 1957, was applicable when the dwelling was duly

conveyed to Alpha Upsilon on March 8, 1968. (Exhibit #1)

(3) A fraternity or lodging house is not expressly designated as a permitted use in a General Residence District under Section III-1 of the Zoning By-Law of the Town of Bridgewater.

(4) In the past year at least 13 members of Alpha Upsilon have resided at the single-family dwelling at Park Terrace during all or part of the state college's school year. These members were billed a regular fee, by the fraternity, calculated on a per semester basis, for the privilege of residing at the dwelling and further based on whether they occupy a single or a double room.

(5) At a public meeting on January 28, 1980, subsequent to a public hearing held on January 17, 1980, the Bridgewater Zoning Appeals Board unanimously voted that Alpha Upsilon was in violation of the local zoning by-law. The Appeals Board found that Alpha Upsilon was operating a fraternity and/or lodging house at 25 Park Terrace and that a fraternity and/or lodging house is not a permitted use in a General Residence District. The Appeals Board ordered Alpha Upsilon to cease operating its fraternity at the subject premises in a written decision filed February 11, 1980. (Exhibit #5)

(6) On March 3, 1980 Alpha Upsilon filed a complaint in the Superior Court, pursuant to G.L. c. 40A, sec. 17, appealing the decision of the Zoning Appeals Board.

## RULINGS OF LAW

In unanimously finding the plaintiff in violation of the Zoning By-Law of the Town of Bridgewater, the Zoning Appeals Board based its decision on its finding that the plaintiff was operating a fraternity and/or lodging house at the subject premises. The Board held that such operation was not a permitted use in a General Residence District as provided under Section III of the Town's Zoning By-Law. The plaintiff Alpha Upsilon contends, however, that the applicable zoning by-law does specifically authorize several uses of the subject premises. The parties agree that in order for the plaintiff's occupation to be lawful, it must be specifically characterized as a permissible use under Parts 1 and 2 of Section III of the Zoning By-Law.

In relevant part, Section III ("General Residence Districts") of the Bridgewater Zoning By-Law provides:

"III.-1 Requirements. In the General Residence Districts no building or structure shall be constructed or altered, and no building, structure or premises shall be used for any purpose except:

(a) One or more family dwelling house including apartment houses, but not to include trailers...

(d) Private Club not conducted for profit...

(h) Any of the following uses, provided it is not injurious, noxious or offensive to the neighborhood:...(2) Religious, education and public utility buildings...

III.-2 Accessory Uses. Accessory use on the same lot with customarily incidental to any of the listed permitted uses and not detrimental to a residential neighborhood may be permitted. This shall include any of the customary home occupations including... letting of rooms, taking of boarders..."

Regarding the plaintiff's particular occupancy, the zoning by-law does not expressly mention the word "fraternity house". Significantly, an apparently equivalent concept is characterized elsewhere in Bridgewater's Zoning By-Law. Section IV-1 (g) of the Zoning By-Law refers to "Hotels or lodging houses". Such uses constitute permissible uses within "Business Districts" but not districts classified "General Residence Districts". As it relates to the use as a fraternity house, the word "lodging house" thus becomes a critical concept in the present unquiry.

"The term 'lodging house' implies a degree of permanence in the occupancy, at least as distinguished from the transiency of hotel and motel accommodations." **Selvetti v. Building Inspector of Revere,** 353 Mass. 645, 647 (1968). The

Supreme Judicial Court has recognized the term as meaning "a house in which lodgings are let, especially a house other than an inn or hotel." Id. at 646. While such a definition strongly suggests that a fraternity house may fairly be characterized as a lodging house, the Legislature left no doubt as to its intention when it drafted G.L. c. 140, sec. 22. This statute specifically defines "lodging" house" as "a house where lodgings are let to four or more persons not within the second degree of kindred to the person conducting it, **and shall include fraternity houses and dormitories of educational institutions...**" (emphasis added). Massachusetts General Laws, Chapter 140, Section 22 (1973).

Therefore, since a fraternity house constitutes a "lodging house" and since a lodging house is characterized as a permissible use solely in areas zoned "Business Districts", the use of the single-family dwelling at 25 Park Terrace as a fraternity house by Alpha Upsilon in a "General Residence District" is not permitted.

Accordingly, the decision of the Zoning Appeals Board is affirmed.

By the Court,
**Herbert Abrams**
**Justice of the Superior Court**