R. JOHN GRIEFEN & others, trustees, *vs.* TREASURER and RECEIVER GENERAL & another. February 16, 1982. In September, 1979, the plaintiffs recovered a land damage judgment for $255,000, based on a settlement, against the Commonwealth, but the judgment was not paid within the time fixed by G. L. c. 79, § 36A, because the taking agency had exhausted its appropriation. Efforts to obtain an appropriation seemed unavailing, and, on September 8, 1980, the plaintiffs recovered a judgment in the nature of mandamus ordering the State treasurer to pay the land damage judgment, with interest from the date thereof, despite the lack of an appropriation. The Commonwealth appealed from the mandamus judgment, and the panel heard arguments and took the case under advisement on May 20, 1981. At the end of the 1981 legislative session, the panel made inquiry of the parties whether the Legislature had made any appropriation from which the plaintiffs' damages could be paid. At the end of January, 1982, the parties answered affirmatively and informed the panel (1) that the $255,000 judgment had been paid on October 8, 1981, (2) that no interest had been paid thereon, and (3) that the plaintiffs had reserved their rights with respect to interest.

Except for the question of interest on the judgment, the case is now moot. Under the Massachusetts Constitution, Declaration of Rights, art. 10, the plaintiffs have a right to interest from the date of the land damage judgment. *Woodworth* v. *Commonwealth,* 353 Mass. 229 (1967). General Laws c. 79, § 37, implementing the constitutional right, fixes the rate of interest at six percent and fixes the last day of the month preceding payment (here, September 30, 1981) as the terminal date for the computation. The plaintiffs are entitled under G. L. c. 258, § 12, to a judgment for that interest as so computed, together with interest there-

on and costs. *Woodworth,* at 233. On proper motion the complaint should be amended to state such a claim, following the form of the *Woodworth* case. Although the parties suggest that there may presently be no appropriation from which such a judgment can be paid, there is a presumption that on receiving such a judgment the Commonwealth will fulfil its obligation. *Talbot* v. *Hudson,* 16 Gray 417, 431-432 (1860). The record here does not indicate that the Legislature has been made aware of the interest claim.

Because this case, as originally argued, involved sensitive issues bearing on the constitutional separation of powers, much court time was spent in their resolution. Counsel for the parties are admonished for not having advised the court that those issues had become moot.

The judgment is vacated, and the case is remanded to the Superior Court for further proceedings in accordance herewith. No party is to have costs of appeal.

*So ordered.*

*Elizabeth Bowen Donovan,* Assistant Attorney General, for the defendants.

*J. Owen Todd* for the plaintiffs.