WILLIAM R. CURRIER *vs.* MALDEN REDEVELOPMENT AUTHORITY. May 26, 1983. *Eminent Domain,* Interest. *Practice, Civil,* New trial.

Both parties have appealed from a judgment entered March 27, 1981, awarding the plaintiff damages for an eminent domain taking of three parcels of land in Malden on October 2, 1975, with interest computed, for reasons hereinafter explained, from May 2, 1980. Each complains that certain discretionary orders amounted to an abuse of discretion, but in neither case can we say that the bounds of reasonable discretion were surpassed.

1. The plaintiff's appeal concerns the orders by which he was denied recovery of interest from the date of the taking to May 2, 1980. The orders had their origin in the plaintiff's original complaint, filed January 29, 1976. The lengthy complaint had a single count, the principal thrust of which seemed to be that the authority had acted tortiously in making the taking, violating myriad obligations imposed on taking agencies by Federal and State law, that it had acted without a quorum, and that the taking was, for all those reasons, invalid. The complaint sought a declaration that the taking was invalid, injunctive relief against the authority's interfering with the plaintiff's use of his land, money damages, and attorney's fees. Although the complaint concluded with a demand for jury trial "on the issue of just compensation for acquisition by eminent domain," the possibility that the complaint could be read as including a standard land damages claim seems to have been submerged for the ensuing four years as the plaintiff sought to have the taking nullified in both State and Federal courts. The Federal proceedings ended May 7, 1981, when the United States Court of Appeals for the First Circuit dismissed the plaintiff's appeal from several District Court orders. The State proceedings culminated, temporarily, in a judgment for the authority entered on the pleadings on May 2, 1980. The plaintiff then filed a "mo-

tion for clarification and/or procedural relief," which was, in essence, a motion to vacate the May 2 judgment and to permit the filing of an amended complaint stating clearly a claim for damages under G. L. c. 79. The authority opposed the motion and sought attorney's fees for the time spent in contesting the claim that the taking was tortious and invalid. At the hearing on the motion the plaintiff acknowledged that the latter claim was without merit but argued that he should not be precluded from pressing his legitimate claim for damages under G. L. c. 79. The judge who had heard and allowed the motion for judgment on the pleadings allowed the plaintiff's motion to vacate that judgment and allowed the amended complaint. He did so, however, "on the condition that interest on any award over and above the pro tanto is [not] going to be run from . . . the date of the complaint . . . . [I]f you'd [stated the claim] clearly in the first place, you'd be entitled to the interest, but where this has drifted around in confusion for about four years, it seems to me there should be a cut-off date for interest . . . . [I]t is unfair, it seems to me, . . . to delay the trial of a garden variety eminent domain case, despite all this, and then say I am entitled to [full] interest." The judge denied the authority an award of attorney's fees, "although there is perhaps some justification for it." There can be no doubt that a judge has the discretion to adjust an award of interest where a litigant has been responsible for an unnecessary delay (see, e.g., *Peters* v. *Wallach,* 366 Mass. 622, 629 [1975]; *Whaler Motor Inn, Inc.* v. *Freedman,* 9 Mass. App. Ct. 884, 885 [1980]; see also *Ellis* v. *Sullivan,* 241 Mass. 60, 64 [1922]) or that a judge may impose equitable conditions on the allowance of a motion to vacate a judgment. See Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . ."); Smith & Zobel, Rules Practice 471-472 (1977). The judge did not abuse his discretion in conditioning the relief for the plaintiff on a reasonable curtailment of interest. We reject the plaintiff's contention that, because of a landowner's undoubted constitutional right to recover interest in connection with an eminent domain taking (see *Griefen* v. *Treasurer & Recr. Gen.,* 13 Mass. App. Ct. 946 [1982]), actions under G. L. c. 79 are exempt from the application of sanctions which apply to other categories of litigation.

2. The authority moved for a new trial based on a breach by counsel for the plaintiff of an alleged pretrial agreement between counsel, by the terms of which, according to an affidavit filed by counsel for the authority, the plaintiff was precluded from advancing at trial a contention which had apparently been advanced originally as one of the grounds for annulment of the order of taking: namely, that city officials had conspired to raise the assessed valuation of the plaintiff's properties shortly before the taking in order to depress their value. Expert witnesses for both parties used the capitalized income method of valuation (these were rental prop-

erties), and a principal difference in their appraisals stemmed from the different tax figures they employed in calculating expenses. The plaintiff's expert used a figure of $7,293, which was the tax bill the year before the taking. The increased assessment produced a tax of $12,514, which was used by the expert for the authority. That tax was later substantially abated, to $8,800. There was evidence that the reassessment of the plaintiff's properties was not part of a general revaluation of properties. Counsel for the plaintiff argued to the jury in a portion of his somewhat impassioned closing that the $12,514 figure was "solely for purposes of creating a fictitious appraisal. It's outrageous." Counsel for the authority objected but did not ask for a mistrial or for curative instructions. The trial judge cannot be said to have abused his discretion in refusing to grant the motion for a new trial after the jury had returned its verdict. Whatever agreement existed between counsel was apparently imparted to the trial judge in chambers before the trial began, but there is no record of that conversation. The judge may have recalled the agreement as being less clear-cut in its terms or narrower in scope than counsel for the authority recalled when he filed his affidavit. For that and other reasons it is clear that the motion was addressed to the judge's discretion and that on the record before us he cannot be said to have abused that discretion.

3. Although neither party has raised the point, there seems to be an inadvertent error in the judgment as it appears in the docket entries. As drafted, the judgment awards the plaintiff, before interest, $128,000 (which was the amount of the pro tanto payment), rather than $85,000 (the difference between the value found by the jury and the amount of the pro tanto payment), which was obviously intended. The case is remanded for the entry of a modified judgment in the amount of $85,000, with interest to run from May 2, 1980, to the entry of the new judgment, and costs. Neither party is to have costs of appeal.

*So ordered.*

*Robert S. Wolfe* for the plaintiff.
*Michael B. Keating* for the defendant.