R. JOHN GRIEFEN & others, trustees,[1] vs. TREASURER AND
RECEIVER GENERAL & another.[2]

Middlesex. October 3, 1983. — December 29, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Eminent Domain*, Interest, Attorney's fees. *Damages*, Interest, Attor-
ney's fees. *Mandamus*.

Reasonable compensation for property taken by eminent domain includes
interest upon the damages awarded. [676]
Relief in the nature of mandamus pursuant to G. L. c. 79, § 10A, is not
available to compel the State Treasurer to pay interest accrued upon
an eminent domain judgment in the absence of a legislative appropria-
tion therefor. [676]
General Laws c. 79, § 10A, does not authorize an award of counsel fees in
connection with enforcement of a judgment awarding damages in an
eminent domain proceeding. [676]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 5, 1980.

Following the decision of the Appeals Court reported in
13 Mass. App. Ct. 946 (1982), the case was heard on an
amended complaint by *Ronan*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

The case was submitted on briefs.

---

[1] The plaintiffs R. John Griefen, John M. Hines, and Daniel G.
Wheeler, trustees, were owners in fee simple of the seized lands.

[2] The Commonwealth, through the Division of Water Resources, has
been joined as a party, in accordance with the directive of G. L. c. 79,
§ 10A, that "[t]he body politic or corporate on behalf of which the taking
was made shall be joined . . ." in petitions for mandamus for compliance
with G. L. c. 79, § 36A.

*Francis X. Bellotti,* Attorney General, & *Elizabeth Bowen Donovan,* Assistant Attorney General, for the defendants.

*J. Owen Todd* & *Jonathan M. Winer* for the plaintiffs.

NOLAN, J. The Commonwealth appeals from a judgment of the Superior Court directing the Treasurer and Receiver General of the Commonwealth (Treasurer) to pay interest accrued upon an eminent domain judgment, together with costs and attorneys' fees. We reverse so much of the judgment which directs the issuance of an order of mandamus to the Treasurer to satisfy the judgment for interest, as mandamus is not an appropriate remedy in this case. However, we affirm that portion of the judgment which declares that the Commonwealth owes the plaintiffs the sum of $28,942.50 with interest from October 1, 1981. Further, we reverse the award of attorneys' fees to the plaintiffs.

The plaintiffs were owners of parcels of land situated in Marlborough, Middlesex County, and Northborough, Worcester County. These parcels were taken by the Commonwealth, through the Division of Water Resources, for purposes of flood prevention and water utilization on June 12, 1975. In August, 1975, the plaintiffs commenced actions against the Commonwealth. Judgment for $255,000, reflecting a negotiated settlement, was entered in the Superior Court in Middlesex County in September, 1979. The plaintiffs have recovered the principal sum of the judgment. *Griefen* v. *Treasurer* & *Receiver Gen.,* 13 Mass. App. Ct. 946 (1982).

At the direction of the Appeals Court, the plaintiffs filed an amended complaint in the Superior Court setting forth a claim for interest on the land damage judgment. See *id.* The Appeals Court declared that the plaintiffs have a right to interest from the date of the land damage judgment under art. 10 of the Massachusetts Declaration of Rights. In the amended complaint, the plaintiffs alleged damage caused by the Legislature's failure to appropriate funds to satisfy the interest due on the judgment, and requested relief in the nature of mandamus directing the Treasurer to pay interest,

costs and attorneys' fees. Judgment ordering the relief requested entered on October 25, 1982. The Commonwealth appealed to the Appeals Court, and we allowed the plaintiffs' application for direct appellate review.

The Appeals Court correctly perceived the constitutional requirement that "reasonable compensation" for lands taken by the Commonwealth includes interest upon damage awards. *Griefen* v. *Treasurer & Receiver Gen.*, *supra*. In so far as that interest obligation may include interest upon it to compensate for delays in payment, the trial court correctly ruled that the Commonwealth must pay not only the unpaid interest upon the principal sum, but also interest accruing upon interest to the date of its judgment. See *Woodworth* v. *Commonwealth*, 353 Mass. 229, 231-232 (1967) (art. 10 contemplates compensation for delay in payment by interest or otherwise).

Although judgment interest, not principal, is in issue here, the instant case is controlled by the reasoning set forth in *Bromfield* v. *Treasurer & Receiver Gen.*, *ante* 665 (1983), and the rationale of that case need not be reiterated here. Mandamus cannot issue to compel the Treasurer to satisfy an obligation for which no appropriation exists. If the Legislature fails to appropriate funds to satisfy the judgment by the end of the 1984 legislative session, the court may consider the remedies suggested in *Bromfield, supra,* bearing in mind the precautions described therein.

An award of counsel fees in connection with enforcement of this judgment cannot be made. See *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 554-555 (1975). Such awards may only be premised upon specific affirmative authority. See *Broadhurst* v. *Director of Div. of Employment Sec.*, 373 Mass. 720, 721-723 (1977). Inclusion of the word "damages" in G. L. c. 79, § 10A, is not such authority.

For the reasons discussed above, we reverse so much of the judgment which orders the issuance of mandamus to satisfy the judgment for interest and attorneys' fees. That portion of the judgment which declares that the Commonwealth owes the plaintiffs the sum of $28,942.50 with in-

terest from October 1, 1981, is affirmed. The case is remanded to the Superior Court which is to retain jurisdiction until the prorogation of the 1984 legislative session after which an appropriate judgment shall be entered.

*So ordered.*