RAYMOND SPARTICHINO *vs.* COMMISSIONER OF THE METROPOLITAN DISTRICT COMMISSION. August 10, 1987. *Metropolitan District Commission, Police. Police,* Incapacity. *Practice, Civil,* Appeal, Frivolous actions, Costs.

Under G. L. c. 92, § 63B, as inserted by St. 1948, c. 653, a Metropolitan District police officer may receive pay lost "by reason of absence from duty . . . because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty." See discussion of the statute in *Montague* v. *Commissioner of the Metropolitan Dist. Commn.,* 9 Mass. App. Ct. 62 (1980). A judge in the Superior Court found that Spartichino, a Metropolitan District police officer, by reason of events which occurred in the line of duty and culminated on June 4, 1985, became "incapacitated to perform his duties as and MDC police officer since June 4, 1985, on either a full time basis or a limited duty basis."

The commission (MDC) acknowledges that under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), we are bound to accept the findings of fact of the trial judge unless clearly erroneous, *Capitol Bank & Trust Co.* v. *Richman*, 19 Mass. App. Ct. 515, 519 (1985). Nevertheless, the MDC proceeds to invite us to weigh the evidence, particularly that given by Dr. Barry, a psychologist. We decline the invitation. On the basis of the report dated June 4, 1985, by Spartichino's immediate supervisor, and the written reports and testimony of Dr. Barry and Dr. Seymour (the latter examined the plaintiff on behalf of the MDC), there was adequate basis in the record for the judge's finding about Spartichino's incapacity.

The MDC appears to concede Spartichino's temporary incapacity (if not the precise date of its inception), but disputes the judge's finding that Spartichino was not available for limited duty. See *Newton Branch of the Mass. Police Assn.* v. *Newton,* 396 Mass. 186, 192 (1985). The judge was entitled

to accept the evidence of Dr. Barry, who gave his opinion that Spartichino was not up to limited duty, against that of Dr. Seymour, who thought assigning Spartichino to purely clerical duties might do him some good.

There is also support in the record for the judge's finding that no *definitive* offer of limited duty was extended to Spartichino on January 6, 1986, the earliest date upon which the MDC contends such an offer was made. At most, the record reflects discussion of possibilities of light duty.

No error, therefore, attended the judgment entered in the Superior Court that Spartichino is entitled to his benefits under G. L. c. 92, § 63B, for the period beginning June 4, 1985, to January 7, 1986, and thereafter, until Spartichino "returns to limited or full duty or is adjudged capable of perform-ing limited or full duty by his treating psychologist."

Spartichino, as appellee, asks for double costs, counsel fees, and penalty interest on the ground that the appeal is frivolous. See G. L. c. 211A, § 15; Mass.R.A.P. 25, as amended, 376 Mass. 949 (1979), and Mass.R.A.P. 26, 365 Mass. 873 (1974) both as amended, 378 Mass. 925 (1979); *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 457-458 (1984), and authorities there cited. Were this a dispute between private parties, we would impose sanctions upon the appellant in favor of the appellee because, indeed, the appeal is so weak as to be frivolous. It is surely settled that appellate courts will not weigh the evidence, yet that, at bottom, is what the appellant has asked us to do. We think, however, that our power to assess double costs, penalty interest, and counsel fees does not extend to appeals brought by the Commonwealth. As to the Commonwealth, awards of counsel fees may be made only upon specific affirmative authority. *Griefen* v. *Treasurer & Receiver Gen.,* 390 Mass. 674, 676 (1983). See *Broadhurst* v. *Director of Div. of Employment Sec.,* 373 Mass. 720, 721-723 (1977). The limitation is based upon the general rule that the Commonwealth can be called to account in a legal action only with its consent, and when that consent is granted, only in the manner and to the extent expressed by statute. *Ibid.,* and authorities cited. It is instructive as well to examine the Massachusetts Rules of Appellate Procedure. Rule 26(b) expressly limits the award of costs against the Commonwealth. The brake on ill-considered appeals in behalf of the body politic must be the professional discipline of government counsel.

*Judgment affirmed.*

*Lisa A. Levy,* Assistant Attorney General, for the defendant.
*Gabriel O. Dumont, Jr.,* for the plaintiff.