[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant moves this Court, pursuant to Practice Book §11-11, to reargue and/or reconsider its decision of October 5, 1998 insofar as it awarded prejudgment interest to plaintiff from the date of the commencement of the action. Specifically, defendant claims in its motion that plaintiff is not entitled to interest for the periods plaintiff allegedly delayed the start of the trial.
Defendant asserts that at the close of evidence its counsel "informed the Court it wished to be heard on the interest period calculation if the Court decided for the plaintiff." Plaintiff's counsel has no recollection such a representation was made at trial. this Court has no such recollection, and defendant's counsel can point to no such statement in the transcript. Although the Court accepts the fact that defendant's counsel would affirm such a statement under oath, and believes counsel completely honest in his belief, its nevertheless, concludes defendant did not preserve the issue of interest calculation until after the Court rendered a decision in this case.
Furthermore, defendant filed an extensive post-trial brief CT Page 2656 and appendix, and never mentioned that any purported delays caused by plaintiff should be considered to reduce the amount of prejudgment-interest to which plaintiff may be entitled. According to procedural rules which govern appeals, an issue which is not distinctly raised in a post-trial brief, is deemed to be waived by the party and may not be raised on appeal.Hartford National Bank Trust Co. v. Tucker 195 Conn. 218, (1985); Tait, Connecticut Appellate Practice Procedure § 47 (2d Ed. 1993). Practice Book § 5-2 provides that if a trial brief fails to raise an issue, the trial court is not obligated to decide it. Biller Associates v. Rte 150 Realty Co.,52 Conn. App. 18, 23 (1999). Such a rule clearly applies, when after a decision has been rendered, the losing party seeks to make arguments not stated in its briefs.
Moreover, the rule has particular applicability here when defendant not only argues an issue not raised before, but tries to substantiate it by evidence not presented at trial. The defendant's motion is really one to reopen the judgment to offer additional evidence. Clearly, where such the evidence is not newly, discovered, the motion must be denied.
But apart from these procedural defects, defendant cannot prevail on the merits of its motion. Massachusetts General Law c.231 § 6 provides:
 "In all actions based on contractual obligations, upon a verdict, finding, or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to damages . . . at the rate of twelve per cent per annum, from the date of breach or demand. If the date of breach or demand is not established, interest shall be added by the clerk of the court . . . from the date of commencement of the action. (underlining added)
Although the statute seems to make the allowance of prejugment interest mandatory, Massachusetts courts have indicated a willingness "to adjust an interest award if a prevailing litigant has been responsible for unnecessary delays."Foley v. City of Lowell, Massachusetts, 948 F.2d 10 (C.A 1st Cir., 1991). In that case the federal appellate court, applying Massachusetts law, reversed the trial court which had allowed interest from the date of the verdict and held interest ran from the date of the judgment, specifically finding both parties contributed to the delay of the entry of the judgment. The Foley
CT Page 2657 court cited Currier v. Malden Redevelopment Authority449 N.E.2d 679 (Mass.App.Ct., 1983) for the rule that a party causing unnecessary delays may not be entitled to prejudgment interest. In that case plaintiff had initially sought an injunction barring the defendant redevelopment authority from taking his property on a variety of grounds. The litigation took four years. The trial court noted the case had "drifted around in confusion for four years . . . It is unfair [for a party] . . . to delay the trial of a garden variety eminent domain case . . . and then . . . [claim] full interest. The appellate court affirmed the denial of prejudgment interest under those circumstances
In Peters v. Wallach, 321 N.E.2d 806 (Mass. 1975) prejudgment interest was not allowed in a suit to enforce a settlement agreement when the prevailing party at first repudiated the agreement, giving rise to a procedural nightmare that created a long delay in validating the agreement.
Those cases do not remotely support the defendant s claim to deny plaintiff interest in this action. The trial in this case was scheduled to start on March 27, 1996. Defendant requested a delay because discovery was not completed due to plaintiff seeking protective orders which had not been ruled upon. A new trial date was set for May 30, 1996. Again defendant requested a delay because plaintiff had not complied with a judge's order regarding discovery. The court put the case over until November 13, 1996. Plaintiff requested a delay because of the severe medical emergency of its lead trial counsel, Thomas Shortell. The court put the case over until March 13, 1997. Defendant's counsel requested a delay because of prior vacation plans. The trial was rescheduled for April 1, 1997. Plaintiff requested a delay because of a death in Attorney Shortell's immediate family and a death of the mother of a close friend of plaintiff's associate counsel. The trial was rescheduled to May 6, 1997. Defendant's counsel requested a delay because of a prior trial commitment. The trial was rescheduled to June 8, 1997 and then by the court to July 17, 1997. Plaintiff requested a delay because its associate counsel in the case left plaintiff s lawyers firm. The trial was rescheduled to October 29, 1997. [n early October Attorney Thomas Shortell died and the court set the trial for December 4, 1997. Defendant's associate counsel got sick; and trial was set for December 10, 1997. The court, on its own, reset the trial date for January 6, 1998 when, in fact, it started.
This history does not raise a pattern of delay by plaintiff, CT Page 2658 but rather a series of events in the nature of illness of counsel of both sides, death of plaintiff's lead counsel, and prior trial commitments. Those are normal causes for putting off a trial. A defendant bears the risk of them when it loses a case and prejudgment interest is awarded.
Even if the plaintiff caused some delay by seeking protective orders or objecting to discovery requests, this court cannot determine the justification for such delays on this record and apportion interest accordingly. No Massachusetts case imposes such a burden on a trial judge.
The Massachusetts Supreme Judicial Court stated in SterliteCorporation v. Continental Casualty Corp. 494 N.E.2d 1008, 1011
(Mass. 1986) that the statute allowing prejudgment interest (G.L. c. 231, § 6) "'is designed to compensate a damaged party for the loss of use or unlawful detention of money.' An award of interest is made, `so that a person wrongfully deprived of the use of money should be made whole for his loss.'" Quoting PerkinsSchool for the Blind v. Rate Setting Commission, 383 Mass. 825,835 (1981).
Here defendant vigorously asserted defenses, some of which it did not even attempt to prove, such as arson, or which this court found without merit It has had the benefit of the proceeds of an insurance policy for now over five years, which proceeds rightfully belonged to plaintiff. Defendant should legally and properly pay interest on that sum so that plaintiff can be made whole.
Defendant's motion to reargue and/or to reconsider this court's judgment is granted and on reconsideration the judgment is reconfirmed.
Robert Satter, Judge Trial Referee