MARY F. HIGBEE *vs.* AMBASSADOR TAXI, INC. February 2, 1976. This is an appeal from the denial of the defendant's motion for relief from judgment. The appeal arises out of a tort action for personal injuries sustained by the plaintiff while she was a passenger in a bus which was involved in a collision with a taxicab owned by the defendant. No answer

Rescript Opinions.

was filed for the defendant; a default was entered on December 29, 1970; and damages were assessed on December 27, 1973, in the amount of $4,200. The defendant moved for relief from judgment on the ground that the plaintiff failed to comply with the requirements of G. L. c. 231, § 58A, which reads in relevant part: "Damages shall not be assessed, except by special order of the court, in an action of tort, the payment of the judgment wherein is secured by a motor vehicle liability policy or a motor vehicle liability bond . . . and wherein the defendant has been defaulted for failure to enter an appearance, until the expiration of four days after the plaintiff has given notice of such default to the company issuing or executing such policy or bond, and has filed an affidavit thereof." The statute by its terms applies to the present case. No affidavit concerning notice of default was filed by the plaintiff prior to the assessment of damages, and the insurer denies any record of receipt of such a notice. Nor does there appear from the record that there was ever entered a "special order of the court" concerning the assessment of damages, the only exception contained in the otherwise mandatory language of the statute. The plaintiff having failed to give the required statutory notice and to file an affidavit thereof, it follows that the assessment of damages on December 27, 1973, was improper. The motion for relief from judgment should have been granted in part, limited to the question of damages. It follows that the assessment of damages must be vacated and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

*John C. Lacy* (*Ann C. Egan* with him) for the defendant.
*Richard J. Ferriter* for the plaintiff.

