FRANCIS X. FEENEY *vs.* JOHN ABDELAHAD. March 2, 1978. It was an abuse of discretion for the trial judge to deny the defendant's motion to vacate the judgment which had been entered after his default and without notice to him or his attorney of the hearing on the assessment of damages. Assuming, without deciding, that the request by the de-

fendant's attorney to the plaintiff's attorney for an extension of time to file an answer did not constitute an appearance within the meaning of Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974),[1] nevertheless the plaintiff had no "right" to have the crucial hearing on damages proceed without notice to the defendant (10 Wright & Miller, Federal Practice and Procedure § 2685 [1973], and cases cited; 6 Moore's Federal Practice par. 55.05[2] [2d ed. 1976]), and it would have been a sounder exercise of discretion for the judge to have required such notice upon being apprised of the fact that the defendant's attorney was known and had expressed the intention of defending the suit. When that questionable exercise of discretion is coupled with the facts that (1) the evidence presented at the hearing on damages plainly did not warrant a judgment in the amount rendered, and (2) the uncontradicted representations (see *Farley* v. *Sprague,* 374 Mass. 419, 423–425 [1978]) made by the defendant in support of his motion to vacate judgment strongly suggest that that judgment will operate with harshness totally disproportionate to the wrong, if any, suffered by the plaintiff, we think that the denial of the motion to vacate judgment should not be permitted to stand. The judgment is vacated, and the case is remanded to the Superior Court for a new hearing on the assessment of damages before a different judge of that court and for such other proceedings, if any, as, in the opinion of that judge, justice and equity may require.

*So ordered.*

*John E. Heraty* for the defendant.
*Harold R. Carter,* for the plaintiff, submitted a brief.

---

[1] Cases decided under the counterpart Federal rule (Fed.R.Civ.P. 55[b][2]) which hold notice to be required in this situation notwithstanding the defaulting party's failure to file an appearance or a pleading include *Hutton* v. *Fisher,* 359 F.2d 913, 915-916 (3d Cir. 1966); *H. F. Livermore Corp.* v. *Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689 (D.C. Cir. 1970), and cases cited at 691-692. Contrast *Port-Wide Container Co.* v. *Interstate Maintenance Corp.,* 440 F.2d 1195 (3d Cir. 1971), where, however, notice had in fact been sent to the defaulter, and the record indicated that the award of damages was neither harsh nor excessive.