BERNARD A. KANSKY *vs.* MARCIA S. HARRISON. November 13, 1986. *District Court,* Appellate division, Appeal to Supreme Judicial Court.

The plaintiff, an attorney, brought an action to recover $11,885.87 for legal services rendered to the defendant. The defendant, proceeding without counsel, was defaulted for failure to answer interrogatories. Thereafter, judgment was entered for the plaintiff, without notice to the defendant, in the amount of $11,885.87, and execution issued. The defendant moved to be given leave to file answers late, to remove the default, vacate judgment and supersede execution. A District Court judge denied the motion. The defendant claimed a report to the appellate division, and the appellate division reversed the District Court ruling in part, ordering that the execution be superseded, the judgment vacated, and the defendant be afforded a District Court hearing on the assessment of damages. The plaintiff appealed, and contends that he had asserted a complaint for "liquidated damages" and that the judgment was properly entered without notice and hearing, as a claim for a "sum certain," under Mass. R. Civ. P. 55 (b), 365 Mass. 822 (1974). When the defendant's motion for relief was heard, she filed with the court an affidavit showing that she had three times been billed by the plaintiff in the amount of $3,300 for the legal services in question, before he ultimately billed her for $11,885.87. In his brief before us, the plaintiff

concedes that three successive bills for $3,300 had been sent, but he says they were sent in error. The plaintiff's appeal is from an interlocutory order and for that reason must be dismissed. *Greenhouse, Inc.* v. *TWA,* 394 Mass. 60 (1985). *Locke* v. *Slater*, 387 Mass. 682 (1982). The case will be in order for appeal only after further proceedings in the District Court as ordered by the appellate division. We add our view that, in the special circumstances of this case, the order of the appellate division was correct. We think a fair application of rule 55 (b) requires the parties to be given opportunity to be heard in an evidentiary proceeding as to assessment of damages.

*Appeal dismissed.*

*Bernard A. Kansky*, pro se