Furnari, J.
The protracted duration of this tort action almost obscures its simple origin in personal injuries sustained by the plaintiff almost nine years ago in a fall on the defendant’s negligently maintained business premises. The action itself was commenced more than six years ago and has, in the ensuing years, been before five different judges of the trial court for their consideration of a single question; namely, the defendant’s entitlement to relief from the default judgment entered against him. In the interests of the finality of judgment, we previously allowed the defendant’s petition to establish a report to permit the present appellate review and resolution of the defendant’s lingering claims.
A review of the procedural chronology is in order. The plaintiffs complaint for damages in the amount of $40,000.00 for personal injuries arising from the defendant’s negligence was filed onMay 5,1987. No answerwas submitted. One year later, on May 23,1988, a Dist./Mun. Cts. R. Civ. P., Rule 55(b) (1) default judgment in the amount of $45,268.90 was entered by the trial court clerk. No hearing for an assessment of damages was held. Execution issued on June 22,1988.
Fifteen months later, on September 25,1989, the defendant appearing pro se filed a motion to vacate judgment and execution. The trial court (Viola, J.) continued the hearing to November 1,1989 to permit the defendant to arrange for the appearance of his insurance company’s counsel.
On November 1, 1989, the insurer’s counsel attended the motion hearing, but refused to file an appearance for the defendant on the grounds of lack of authorization by his insurance company. The trial court (Cavanaugh, J.) denied the defendant’s motion to vacate.
On December 29,1989, the trial court (Coven, J.) heard the defendant’s motion for reconsideration. The court allowed the defendant’s motion to vacate on the conditions that counsel file an appearance for the defendant without reservation of rights and that the defendant pay for the plaintiffs round trip airfare from her home in Hawaii for her appearance at trial. The execution was thereafter returned, and counsel filed both his unconditional appearance and an answer in behalf of the defendant.
The defendant did not, however, tender payment of the plaintiffs airfare in compliance with the court’s December 29,1989 conditional order at any time during the succeeding twenty-one month period. Finally, in September, 1991, the plaintiff filed a motion to compel the defendant’s payment of the plaintiff s airfare and to set a trial date. On September27,1991,thecourt (JarasitisJ.) allowed the plaintiffs motion, and scheduled trial on November 29,1991.
*150 This trial date was twice continued because of defendant counsel’s court calendar and plaintiff counsel’s illness, and eventually set for February 7, 1992. Plaintiffs counsel has averred that he made repeated requests to defendant’s counsel to tender payment of the plaintiff s airfare in anticipation of the scheduled trial date. No payment was made. On the eve of trial, February 6,1992, defendant’s counsel informed the plaintiffs attorney that he would be seeking another continuance. Plaintiff s counsel responded that he would request a restoration of the original default judgment.
At the call of the February 7,1993 trial list, the plaintiff filed a motion, supported by affidavit, for relief from the court’s December 29, 1989 conditional order on the grounds of the defendant’s non-compliance therewith, and for the denial of the defendant’s original motion to vacate judgment. The trial court (Killam, J.) allowed the plaintiffs motion and entered the following order:
After hearing: Order vacating judgment and superseding execution revoked. Execution reinstated and restored to former status. I find as fact that restoration to trial list was conditional and that condition was not complied with. Further, the condition was ordered to be complied with. Defendant failed to comply after being so ordered.
On February 14,1992, the plaintiff filed motions for the judge’s recusal, to vacate judgment and rescind the court’s February 7,1992 order, and to stay execution. The plaintiff also submitted a draft report which raised for the first time an issue as to the legal validity of the Rule 55(b) (1) default judgment which had been entered almost four years earlier. The trial court (Killam, J.) allowed a stay of execution, but denied the remainder of the defendant’s motions on March 4,1992. These rulings provided the procedural springboard for the defendant’s present appeal.
1. We confine our analysis to the three issues listed in the document captioned as the defendant’s “brief.”[2]
There is no merit to the defendant’s initial contention that the plaintiff s February 7,1992 motion was not properly before the court and should not have been heard because the plaintiff failed to serve the motion at least seven (7) days before the hearing in compliance with Dist/Mun. Cts. R. Civ. P., Rule 6(c).
Rule 6 (c) “is not a hard and fast rule” which mandates the denial of any motion not strictly served in accordance with its requirements. Herron v. Herron, 255 F.2d 589, 593 (5th Cir.1958). The Rule is instead liberally construed to effectuate its sole purpose to afford the non-moving party sufficient notice and an opportunity to prepare a response to the motion in question. See, e.g., Mont Vernon Preserv. Soc. v. Clements, 415 F.Supp. 141, 143 (D.N.H. 1976). See also, C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE & PROCEDURE, CIVIL 2d, §1169 p.509 (1987). Non-compliance with the Rule’s 7 day provision may thus be forgiven in the trial judge’s discretion, McDonald v. Bellotti, 29 Mass. App. Ct. 988, 990 (1990); Anderson v. Brady, 5 F.R.D. 85, 86 (E.D.Ky. 1945), where the motion should have been anticipated and there was time to prepare. In Re Monahan, 359 F.Supp. 858, 872-873 (N.D.Tex. 1972), aff'd 465 F.2d 805 (5th Cir.1972). See also, Herron v. Herron, supra at 593; American Bene. Life Ins. Co. v. United Founders Life Ins. Co., 515 F.Supp. 800, 802 (W.D.Okl. 1980).
In the circumstances of this case, the defendant’s complaint of a lack of seven days notice is frivolous. At the time of the plaintiffs February 7,1992 motion, the defendant had for more than two years refused to comply with the court’s December 29,1989 conditional order despite both the plaintiffs repeated requests and a specific court order enteredfivemonths earlier. Further, thedefendantknewthathis.paymentof.the *151 plaintiffs airfare was prerequisite to her appearance at trial on February 7,1992. The defendant cannot now claim to have been surprised or prejudiced by the plaintiffs February 7,1992 motion, and no abuse of discretion attended the court’s hearing and disposition of such motion.
2. For the same reasons, there was no error in that portion of the court’s February 7, 1992 ruling which revoked the December 29, 1989 conditional order to vacate judgment
We note that neither party claimed an appeal from such conditional order, nor do they now contend that the court abused its Rule 60(b) (6) discretion in vacating the March 23, 1988 default judgment. See generally, Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 187-188 (1990). Generally, a court has the power to reconsider the denial of a defendant’s motion to vacate, Peterson v. Hopson, 306 Mass. 597, 599 et. seq. (1940), and to impose conditions upon its allowance of relief from judgment. See generally, Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 290 (1984); Currier v. Maiden Redevelop Auth., 16 Mass. App. Ct. 906, 907 (1983).
As no specific time period for satisfaction of the conditions imposed was designated by the court, the defendantwas obligated to pay the plaintiffs airfare within a “reasonable time.” Bank of Boston v. Bloomenthal, 1992 Mass. App. Div. 234, 235. By any conceivable practical or legal standard, such reasonable time period had long since expired when the court revoked the conditional order on February 7, 1992. We find at best disingenuous the only excuse offered by the defendant for his failure both to avail himself of the conditional Rule 60(b) relief offered on December 29, 1989 and to comply with the court’s order of September 27,1991; to wit, thathe was unable to make payment of the plaintiffs airfare because he did not know the exact cost of the same.
3. It is clear that the defendant long ago forfeited any right to contest his liability for the plaintiff s claim as established by his 1987 default. We are compelled, however, by his eleventh hour argument, presented to only the fifth trial court judge, to rule that the Rule 55(b) (1) default judgment in the amount of $45,268.90 entered by the trial court clerk on March 23,1988 should not have been reinstated.
Rule 55 (b) (1) authorizes a trial court clerk to enter a default judgment only where the plaintiffs claim is “for a sum certain or for a sum which can by computation be made certain....” A “sum certain” claim is one for damages which are “liquidated”, see Kansky v. Harrison, 398 Mass. 1007 (1986), or
agreed upon as to amount by the parties,..or fixed by operation of law, or under the correct applicable principles of law made certain'in amou n t by the terms of [a] contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged.
Cochrane v. Forbes, 267 Mass. 417, 420 (1929). The plaintiffs claim for personal injuries damages could notbe considered a claim for a"sum certain ’’ Finch v. Big Chief Drilling Co., 56 F.R.D. 456, 457-458 (E.D.Tex. 1972), or aclaim “capable of ascertainment from definite figures contained in the documentary evidence or in detailed uncontroverted affidavits.” National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 158 (1989). Under such circumstances, a hearing for the assessment of damages should have been held, and a default judgment pursuant to Rule 55 (b) (2) entered. M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980).
Accordingly, the Rule 55(b) (1) default judgment originally entered on March 23, 1988 and reinstated by the court’s order of February 7,1992 is hereby vacated. The default entered against the defendant is to stand, and a hearing on the assessment of damages is to be held within ninety (90) days from the entry of this decision. Judgment is then to be entered forthwith for the plaintiff.
So ordered.

 The 3 V2 page document in question is devoid of case citation and adequate legal analysis, and falls far short of acceptable appellate argument. See, e. g., Zora v. State Ethics Comm., 415 Mass. 640, 642 n.3 (1993).