Greco, J.
This is a motor vehicle tort action to recover for personal injuries sustained by the plaintiff in a 1992 collision of his automobile with a vehicle owned by *26 the defendant. A default judgment was entered, and the defendant thereafter filed motions to vacate the judgment and to dismiss the complaint on the grounds of lack of service of process. The trial court denied these motions, and the defendant appealed to this Division pursuant to Dist./Mun. Cts. R.AD.A, Rule 8C.
The accident in question occurred on April 28, 1992. The plaintiffs complaint was not filed until March 31, 1995, almost three years later. The sheriffs return states that service was made by leaving a summons and copy of the complaint at the defendant’s “last and usual abode; to wit, 109 Lexington Street, Watertown, MA,” and by mailing of a copy of the summons to the same address. The defendant had resided at this address at the time of the accident three years earlier, and had listed this address as his residence on accident reports filed at the time.
By letter dated April 26,1995, plaintiffs counsel informed Liberty Mutual Insurance Company (“Liberty Mutual”), the defendant’s insurer, that suit had been filed and that service had been made at the defendant’s Watertown address. The letter also indicated that plaintiff’s counsel had “received a telephone call stating that [the defendant] was no longer at this address.” The sheriff’s return was filed in the trial court on April 29,1995.
Upon the defendant’s failure to answer, the plaintiff filed Mass. R. Civ. R, Rules 55(a) and 55(b) requests for a default and a default judgment. A default judgment in the amount of $24,857.65 was entered. No hearing for an assessment of damages was ever held.
Approximately two months later, counsel for Liberty Mutual filed motions on behalf of the defendant pursuant to Mass. R. Civ. R, Rules 60(b) (4) and 12(b) to vacate judgment and to dismiss the action. No affidavit by the defendant denying receipt of service or indicating his whereabouts at the time of service was attached to the motions.
1. Rule 4(d) (1) of the Massachusetts Rules of Civil Procedure provides that service may be made
upon an individual by delivering a copy of the summons and complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and complaint to an agent authorized by appointment or by statute to receive service of process. ...
As between the parties, the sheriff’s return of service in this case was prima facie evidence that the defendant had in fact been served in the manner prescribed by Rule 4. Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991), rev. den. 411 Mass. 1004; Smith v. Arnold, 4 Mass. App. Ct. 614, 616 (1976): Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219. Given the sheriff’s return of service herein, the burden shifted to the defendant to demonstrate that service had not been effected in compliance with Rule 4(d).
When a defendant satisfies such burden by producing uncontroverted affidavits establishing that service was not perfected, the trial judge must declare the judgment void. Farley v. Sprague, 374 Mass. 419, 425 (1978); Konan v. Carroll, 37 Mass. App. Ct. 225, 228-229 (1994); Stamas v. Lavelle, 1993 Mass. App. Div. 101, 103. Contrary to the plaintiff’s contention, no discretion is afforded to the court by Rule 60(b) (4) to deny a motion for relief from a default judgment which is in fact void for lack of proper service. Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); O’Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 456 n. 13 (1991). However, the court is not required to rule that the judgment is void and to vacate such judgment where, as in the instant case, the defendant has failed to produce affidavits establishing that service was not perfected.
2. The defendant has, in fact, never personally challenged service in this case, nor informed the court that he did not receive process. Moreover, nothing offered *27 by Liberty Mutual required the trial court to find that the defendant was not properly served. Neither the mere passage of tíme from the accident to the commencement of litigation, nor the receipt by plaintiff’s counsel of the anonymous telephone call, directly contradicted the sheriff’s return of service. Neither was sufficient to establish that the defendant did not reside at the Watertown address on the date of service.[1] The defendant himself could have made the anonymous call in an effort to avoid the suit and any responsibility for the accident. In short, there was no error in the trial court’s denial of the defendant’s motion to vacate judgment and to dismiss the action on the grounds of lack of service.
3. However, as the plaintiff concedes, this case must be returned to the trial court for a proper assessment and award of damages. It is undisputed that as the plaintiff’s claim for personal injury damages was not one “for a sum certain or for a sum which can by computation be made certain,” a default judgment could not properly have been entered by the clerk pursuant to Mass. R. Civ. P., Rule 55(b) (1). See Mauiri v. Tagessian, 1993 Mass. App. Div. 149, 151 and cases cited. A hearing for the assessment of damages was required. Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469, 470 (1992); National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 158-159 (1989). Moreover, the defendant’s insurer, Liberty Mutual, was entitled to statutory notice prior to any assessment of damages. G.L.c. 231, §58A See Higbee v. Ambassador Taxi, Inc., 369 Mass. 967, 968 (1976).
Accordingly, the trial court judgment in the amount of $24,857.65 is hereby vacated. This case is returned to the Roxbury Division for a hearing for the assessment of damages. Judgment in the amount of the damages so assessed is then to be entered for the plaintiff.
So ordered.

 Similarly, while contending that the defendant’s landlord at 109 Lexington • Street could verify that the defendant did not live at that address on the day of service, Liberty Mutual’s counsel did not obtain or file an affidavit by the landlord in support of the defendant’s Rule 60(b)(4) motion. There is also nothing in the record which indicates that the certified copy of the defendant’s driver’s license, which counsel included in an “addendum” to the appendix on this appeal, was ever presented to the trial court. In any event, the license, with an expiration date of 6-02-97, indicates only that at some undisclosed point in time, the defendant moved or changed his address to the 89 Midway Drive, Centerville, MA. address listed oil the license. The license does not establish that the defendant did not reside in Watertown on the day of service.