Brennan, J.
Aggrieved by the denial of the Motion to Vacate Default Judgment and Order the Return of the Monies Paid on Execution, Defendants have, pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal, appealed this matter to the Appellate Division. The facts necessary for an understanding of this matter are as follows:
On or about May 4,1997, Pete Johnson and Melissa Vasquez (hereinafter, Plaintiffs) were passengers in a Yellow Cab (hereinafter, Defendant) when said taxi cab was involved in a motor vehicle accident in which Plaintiffs were injured. Immediately following the accident the Defendant left the scene of the accident after the Plaintiffs exited the cab. The Plaintiffs suffered injuries as a result of the motor vehicle accident and on November 4,1997, they filed a complaint against Yellow Cab in the Springfield District Court. The Defendant failed to file an answer and on May 18, 1998, a default entered against Yellow Cab. A default judgment entered against Yellow Cab on May 2, 2001. Shortly thereafter a hearing on assessment of damages took place and, subsequently, on May 2, 2001, Plaintiffs were each awarded damages against Yellow Cab in the amount of $15,000.00 plus interest and costs. Thereafter, Plaintiffs discovered that Yellow Cab was actually comprised of 8 separate corporations doing business as ‘Yellow Cab” and on October 3,2001, Plaintiffs filed an Amended Complaint and Request for Trial by Jury. On December 11, 2001, the Defendant was defaulted for failing to file an answer to Plaintiffs’ complaint. On January 15,2002, an assessment of damages hearing was conducted and a default judgment in the amount of $22,671.08 for each Plaintiff was entered against tire 8 separate corporations comprising ‘Yellow Cab.” On March 13, 2002 an execution was issued and on April 5,2002, the judgment was paid in full.
On May 23, 2002, defendant filed a Motion to Vacate Default Judgment and Order The Return Of Monies Paid On Execution. As a basis for this Motion, defendant relied on M.G.L. 231, §58A. Thereafter, the plaintiffs filed an Opposition to Defendant’s Motion To Vacate Default Judgment And Order The Return Of Mon *188 ies Paid On Execution and on August 27, 2002, the Defendant’s Motion was denied. Thereafter, the Defendant filed a Notice of Appeal and the matter proceeded to the Appellate Division pursuant to Rule 8C of the District/Municipal Rules for Appellate Division Appeal. Defendant’s appeal alleges that the provisions of M.G.L.c. 231, §58A were violated when the court held a hearing on damages without the plaintiffs filing an affidavit stating that they had given defendant’s insurance carrier four days notice of the hearing and/or not issuing a special order to allow the hearing to proceed without filing said order.
M.G.L.C. 231, §58A provides that
Damages shall not be assessed, except by special order of the court, in an action in which payment of the judgment is secured by a motor vehicle liability policy or a motor vehicle liability bond, both as defined in section thirty-four A of chapter ninety, and wherein the defendant has been defaulted for failure to enter an appearance, until the expiration of four days after the plaintiff has given notice of such default to the company issuing or executing such policy or bond, and has filed an affidavit thereof. Such notice may be given by mailing the same, postage prepaid, to the said company or to its agent who issued or executed such policy or bond.
It is uncontroverted that the Plaintiffs did not give notice to the Defendant’s insurance carrier and file an affidavit as prescribed by M.G.L.c. 231, §58A. The issue before the Court is whether the Trial Court waived the affidavit requirement by issuing a “special order.” The case law is clear that where no affidavit concerning notice of default is filed by a plaintiff prior to an assessment of damages and the insurer denies any record of receipt of notice and the record indicates that no “special order” of the Court was ever entered, the assessment of damages must be vacated. Higbee v. Ambassador Taxi, Inc., 369 Mass. 967 (1976).
In this case, there is no record of a special order having been given. There is evidence that certain portions of the motion session in which the subject was allegedly addressed were not properly recorded. Plaintiffs filed a Motion For Leave To Review The Entire Motion Session Cassette and a Motion For Modification/ Correction To The Record based on gaps and missing portions of the tape recording of the motion sessions. The Trial Court was unable to reconstruct the record on this issue. A hearing was held on August 24,2003, and on September 10,2003, a Memorandum and Order was filed by the Court stating, in essence, that the Court would “decline to take any further action in this case... and leave the parties to their available remedy, which is before the Appellate Division.” No action was taken on the Plaintiffs’ Motion and the case proceeded to the Appellate Division.
It appears, then, that there is no evidence that a special order of the Court was issued and, therefore, the notice requirements of M.G.L.C. 231, §58A were not complied with. Therefore, it follows that the Assessment of Damages was improper and that the order must be vacated.