Merrick, PJ.
Plaintiff David S. Bornstein (“Bornstein”) brought this action for wrongful termination alleging that he had been an independent contractor of defendant Sunstate Equities, Inc. (“Sunstate”) for the sale of securities on a commission basis under a one-year contract. He sought single damages for unpaid commissions for breach of contract and treble damages and attorney’s fees for unfair and deceptive practices in violation of G.L.c. 93A. Single damages, specified in the complaint as having been owed before termination, were $5,546.02 plus unspecified future damages for commissions Bornstein would have earned during the remainder of the one year on customers appropriated by Sunstate when it terminated Bornstein. The statement of damages filed as required by St. 1996, c. 358, §5[2] claimed contract damages in the amount of $25,000.00.
The action was commenced on September 12, 2002. Sunstate was served at its Tampa, Florida office on January 3, 2003, 116 days after complaint filing. Sunstate apparently attempted to file and serve on Bornstein’s attorney a pro *68 se answer by a corporate officer. The clerk returned the document, correctly noting that an answer on behalf of a corporation could only be filed by a Massachusetts attorney. Varney Enterprises, Inc. v. WMF, Inc., 402 Mass. 79, 81-82 (1988). Sunstate took no further action to defend this case until August of 2004, seventeen months after service.
A co-defendant, a Massachusetts resident who had been Sunstate’s manager, successfully moved in the meantime to have the case against him dismissed under Mass. R. Civ. R, Rule 4®, because he had not been served until 110 days after commencement of the action. On December 23, 2003, the defendant had not appeared and the docket indicated that no request for entry of default or assessment of damages had been filed. The clerk’s office sent an order nisi of dismissal for nonjoinder of issues. On January 21, 2004, with the situation remaining the same, the clerk issued a final judgment of dismissal. Notice of judgment was not docketed until February 13,2004.
The record appendix includes Bornstein’s motion to vacate that judgment. The motion is dated February 10, 2004 and includes a notice marking the motion for hearing on February 20, 2004. The motion recites that a request for default had been filed on December 26,2003. The docket contains no entry of any request for a default, and shows the motion to vacate as both filed and allowed on March 2, 2004. As indicated by the judge’s order and signature on the face of the motion, however, the motion was actually allowed on February 20,2004.
Also on February 20, 2004, the judge made a handwritten finding on Born-stein’s Memorandum of Damages which assessed single damages in the amount of $23,523.20, trebled to $70,569.60, plus $10,000.00 in attorneys fees for a total of $80,569.60.[3] The single damages consisted of the $5,546.02 specified in the complaint as due before termination and $500.00 per week in lost earnings through the remainder of the contract’s one-year term. The judgment against Sunstate was entered on March 3,2003.
Action was apparently taken to enforce the judgment in Florida. On August 20, 2004, a Massachusetts attorney filed a motion on Sunstate’s behalf for relief from judgment under Mass. R Civ. R, Rule 60(b) (6) (“any other reason justifying relief from operation of the judgment”). After hearing, another judge (the “motion judge”) denied Sunstate’s motion on September 9,2004. Sunstate has appealed the denial of its Rule 60(b) (6) motion.
With respect to “meritorious defenses” to the action, Sunstate’s affidavit in support of its motion for relief from judgment stated only that “Sunstate denies any liability in this matter and would like an opportunity to defend itself accordingly.” The mere assertion that one has defenses without specification of facts supporting them is insufficient to justify vacating a default judgment. New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 142 (1989). Given Sunstate’s unexplained delay in attempting to file an answer and the absence of an affidavit specifying a defense, it cannot be said that the motion judge abused his discretion by denying the motion.
Sunstate’s primary argument here, however, is that the judgment is void for lack of jurisdiction and should have been vacated under Mass. R. Civ. P., Rule 60(b)(4). A Rule 60(b)(4) motion is not addressed to the discretion of the judge. If there is no jurisdiction, the motion must be allowed; if there is jurisdiction, it must be denied. Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118-119 (1984).
Sunstate argues that the judgment is void because (1) it did not get notice of the assessment of damages hearing and (2) the judge committed an error in assessing damages. First, jurisdiction is determined by facts as of the time of *69 the commencement of the action. Events after that point do not oust the court of jurisdiction. O’Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 453-454 (1991). Moreover, as a general proposition, notice of an assessment of damages hearing after a default need only be given to a party who has appeared in the case. Mass. R. Civ. P., Rule 55(b) (4). “If the defaulting party has not appeared in the action, he is not entitled to notice of the plaintiffs pending application for judgment.” Mass. R. Civ. P., Rule 55, Reporters’ Notes. See also Carlson v. Silvia, 2002 Mass. App. Div. 190, 191. In support of its claim of entitlement to notice of the assessment hearing, Sunstate cites Kansky v. Harrison, 398 Mass. 1007 (1986) and Feeney v. Abdelahad, 6 Mass. App. Ct. 849 (1978). In Kansky, the defendant had filed an appearance, albeit pro se, and was thus entitled to notice. In Feeney, an identified attorney had written to plaintiffs counsel and requested an extension of time. In the instant case, there was no appearance or contact of any kind from an attorney for two years after the commencement of the action. Further, unlike the present case, the records on the motions to vacate in both Kansky and Feeney demonstrated clear error in the calculation of damages.
Sunstate asserts, but did not establish by affidavit before the motion judge, that there was error in the assessment of damages. In any event, “[a]n erroneous judgment is not a void judgment.” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983).[4]
The denial of the defendant*s motion to vacate judgment is affirmed.
So ordered.

 This statement is now required in the District Court by G.L.c. 218, §19 (a).

 Bornstein’s counsel had filed an affidavit claiming fees of $35,284.80.

 Sunstate correctly notes that an employer-employee relationship is not governed by G.L.c. 93A. Manning v. Zuckermun, 388 Mass. 8, 12 (1983). Bornstein’s complaint alleged that he was an independent contractor.