Dawley, J.
This is a Dist/Mun. Cts. R. A. D. A, Rule 8A, expedited appeal by the plaintiffs of the allowance of a Mass. R. Civ. R, Rule 60 (b), motion for relief from a default judgment entered almost two years earlier.[3]
In February, 2000, the plaintiffs hired defendant E.E Winslow Plumbing & Heating Co., Inc. (‘Winslow”) as their general contractor on a home improvement project entailing both renovation work and the addition of a new garage and bathroom. They gave Winslow a deposit of $28,000.00;[4] Winslow failed to complete the renovations in a timely and workmanlike manner. Between October, 2000 and February, 2001, plaintiffs’ counsel sent a number of letters to Winslow’s attorney in attempted settlement of the case. Both parties and their attorneys finally met on *77 April 25, 2001 and Winslow agreed, inter alia, to return to the site and review the plaintiffs’ “punch list” of incomplete or defective work items. By letters dated April 30 and May 11, 2001, plaintiffs’ counsel advised Winslow’s attorney that Winslow had not yet even scheduled an appointment to visit the plaintiffs’ home. He received no answer. On June 14,2001, plaintiffs’ counsel sent a third letter to Win-slow’s attorney reiterating that Winslow had still taken no action. The letter ended with the following: “Please let me know where we all stand. Otherwise litigation will ensue.” Winslow’s attorney did not reply.
On September 6, 2001, plaintiffs’ counsel served a G.L.c. 93A demand letter upon Winslow and sent a copy to its attorney. Winslow’s response on September 13, 2001 was not acceptable to the plaintiffs. The last correspondence exchanged between the parties’ attorneys was at the beginning of October, 2001.
On May 23,2002, seven months after their demand letter and more than a year after any active involvement by Winslow in settlement efforts, the plaintiffs commenced this action. Their amended complaint sought damages against Winslow for breach of contract, negligence, misrepresentations, and violations of G.L.c. 142A (Home Improvement Contracts) and G.L.c. 93A. On May 28,2002, service of process was made on Winslow by delivery of the summons and complaint in hand to Winslow’s agent in charge at its South Yarmouth place of business. Copies of the summons and complaint as well as interrogatories and requests for production of documents were forwarded to Winslow’s attorney. He mailed them to Winslow.
No answer was filed, and Winslow was defaulted on June 27, 2002. On August 28, 2002, the plaintiffs filed a request for a default judgment and an assessment of damages. After a hearing on September 13,2002, treble damages were assessed in the amount of $73,965.00, plus interest of $11,891.14 and attorney’s fees of $6,264.00. A default judgment in the total amount of $92,326.64 was entered against Winslow on September 26, 2002. The docket indicates that notice of judgment was issued by the trial court clerk.
Almost two years later, on July 20, 2004, Winslow filed a motion to vacate the default judgment and file an answer late. The motion stated that although Win-slow’s attorney had received copies of the complaint as well as plaintiffs’ discovery requests in May, 2002, the attorney had failed to file an answer “through inadvertence,” and was unaware of the default judgment until his client called to inquire about the status of the case twenty-two months later. In a supporting affidavit, Winslow’s attorney suggested that the “default should be considered void for lack of proper service or notice to the attorney that [plaintiffs’ counsel] had been dealing with throughout the year of 2001.”[5] Finally, the motion stated that Winslow had a defense to the complaint as set forth in an attached, proposed answer. That answer has not been included in the record on this appeal.
The motion judge ruled:
The default judgment against Winslow is to stand... as Winslow and its attorney ... had notice of the entry of the action and failed to file any answer. Due to the passage of time, this failure may not now be the subject of a motion for relief.
However, determining that plaintiffs’ counsel had a “good faith obligation” to give notice of the request for a default judgment and assessment hearing to the attor *78 ney he knew to be representing Winslow, and relying on Feeney v. Abdelahad, 6 Mass. App. Ct. 849 (1978), the judge concluded:
I find that the assessment of damages was erroneously entered and is to be vacated. The matter is to be referred back to the court for consideration of assessment of damages.
1. A Rule 60(b) (1) motion for relief from judgment based on mistake, inadvertence, surprise or excusable neglect must be filed within one year of the entry of judgment. Gath v. M/A Com, Inc., 440 Mass. 482, 497 (2003); Honer v. Wizniewski, 48 Mass. App. Ct. 291, 295 (1999). Winslow’s motion predicated on the inadvertence of its counsel was filed twenty-two months after judgment and was thus time-barred. Gill v. Flynn, 1997 Mass. App. Div. 138, 139, citing Department of Revenue v. W.Z., 412 Mass. 718, 721 n.4 (1992). The Rule 60(b) (1) one-year time period cannot be extended. Spadorcia v. South Shore Oral Surgery Assoc., Inc., 17 Mass. App. Ct. 362, 363 (1984).
2. Rule 60(b) (3), which permits relief from judgment for fraud, misrepresentation or other misconduct of an adverse party, requires a demonstration of “the most egregious misconduct, such as bribery of a judge or members of a jury, or fabrication of evidence by a party in which an attorney is implicated.” Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 184 (1990). Winslow’s insinuation of bad faith on the part of plaintiffs’ counsel in failing to provide a Rule 55(b) (4) notice to which Winslow was not entitled was not an allegation of action which even approached the type or degree of misconduct required for Rule 60(b) (3) relief. In any event, a motion under this subsection of the Rule must also be brought no later than one year after judgment.
3. Rule 60(b) (6) cannot be utilized to circumvent the one-year time restriction of Rule 60(b)(1). Berninger v. Small, 1986 Mass. App. Div. 87, 89. Rule 60(b)(6) is extremely “meager” in scope, Charles Choate Memorial Hosp. v. Commissioner of Pub. Welf., 13 Mass. App. Ct. 1080, 1081 (1982) and requires “extraordinary circumstances,” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983), that would not constitute a basis for relief under Rules 60(b) (1) - (b) (3). Parrell v. Keenan, 389 Mass. 809, 814 (1983); Duco Enterp., Inc. v. Abdelnour, 1994 Mass. App. Div. 103, 105. As the motion judge initially ruled, the default judgment resulted solely from Winslow’s failure to answer after notice of the commencement of this action. Thus its only claim for Rule 60(b) relief, albeit unavailing, was a Rule 60(b)(1) assertion of inadvertence or mistake. As noted, that assertion came far too late.
4. The judge’s ultimate conclusion that Winslow was nevertheless entitled to a new assessment of damages hearing was error. As Winslow’s Rule 60 (b) motion to vacate the default judgment was time-barred, the judge was not authorized to grant relief from the damages component of that judgment. Although couched in terms of ordering the default judgment to stand while permitting a new assessment hearing, the impermissible practical and legal effect of the ruling was to vacate the default judgment and restore the action to a prejudgment default status.
Moreover, we note that even if Winslow’s motion had been brought within a reasonable time and could have been correctly considered under Rule 60(b) (6), relief would not have been warranted on the ground that Winslow was not given notice of the assessment hearing. Pursuant to Mass. R. Civ. R, Rule 55(b) (4), a plaintiff has no obligation to issue notice of an application for a default judgment or request for an assessment of damages to a defendant who has not “appeared” in the case. Carlson v. Silvia, 2002 Mass. App. Div. 190, 191. While a defaulting party may be deemed to have appeared in an action for Rule 55 purposes if it has “indicated to the moving party a clear purpose to defend the suit,” Muniz v. Vidal, 739 F.2d 699, 700 (1st Cir. 1984), Winslow took no action to communicate such a *79 clear purpose herein. It is undisputed that Winslow ignored months of settlement overtures prior to the commencement of suit, failed to answer after proper service of process, made no response to discovery requests and never contacted the plaintiffs or their attorney subsequent to complaint filing. Contrast Feeney v. Abdelahad, supra, at 849 (defendant’s attorney indicated intention to defend by writing to plaintiffs counsel after the action was filed to request additional time to file an answer).
The allowance of Winslow’s motion to vacate the default judgment is reversed.
So ordered.

 The allowance of a motion for relief from judgment is an interlocutory ruling, Wainwright v. Galeno, 1998 Mass. App. Div. 89, upon which a party ordinarily has no right to immediate appellate review. Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 102. However, where the appellant challenges the trial court’s power to vacate judgment because the motion was filed after the expiration of the express time limits of Rule 60(b)(1)-(3), an appellate court “may entertain an appeal to the extent necessary to determine whether the judge had the power to grant the motion. If the judge had such power, the interlocutory appeal must be dismissed without inquiry ... into the merits of the judge’s decision to grant the motion.” Chavoor v. Lewis, 383 Mass. 801, 805 (1981). See also McIntyre v. Cooley, 2000 Mass. App. Div. 132.

 Winslow tendered a portion of that deposit to defendant MJM & Associates (“MJM”), the subcontractor. The plaintiffs terminated the addition contract in June, 2000 prior to the commencement of construction and with the consent of both Winslow and MJM. MJM failed to return the balance of the plaintiffs’ deposit upon demand. A dismissal of the plaintiffs’ claims against MJM was entered upon the stipulation of those parties.

 Apart from this conclusory assertion, there is nothing in the record to suggest that service of process on Winslow was improper or insufficient. Thus the court acquired personal jurisdiction at the time of service, and the judgment it later entered was not void so as to require Rule 60(b) (4) relief. A lack of notice of an assessment hearing, even if one had been required, would not have ousted the court of jurisdiction. O’Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 453-454 (1991).