Curtin, J.
This is an action for the defendant-buyer’s alleged breach of the parties’ agreement for the purchase and sale of property in Lowell owned by plaintiff Alan L. Hamer (“Hamer”). Pursuant to a liquidated damages clause in the agreement, Hamer sought to retain the $11,000.00 purchase deposit paid by defendant John A. Faneros (“Faneros”). After the entry of a default judgment in favor of Hamer, Faneros filed a motion to vacate judgment on the ground of lack of service of process. The motion was denied, and Faneros filed this Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal.
This action was commenced on January 26, 2007. A return of service, entered on *157 the trial court docket on March 12, 2007,[1] stated that Faneros had been served on March 7, 2007 at his last and usual place of abode.[2] After Faneros failed to file an answer, a default was entered on May 18, 2007 upon Hamer’s request. On July 13, 2007, a trial court clerk entered a default judgment in favor of Hamer in the amount of $11,000.00, plus interest and costs.
On August 1, 2007, Faneros filed a motion to “revoke judgment for default and reinstate the case for trial.” The motion asserted that “ [t] he summons and complaint were not properly served upon the defendant,” that “[sjervice on the defendant is defective,” and that “the judgment of default... should be vacated due to lack of proper notice.” In a supporting affidavit, Faneros asserted that “[sjome time in June, my landscaper brought me an envelope which he had found around the bushes at my house.... This envelope contained the Summons and Complaint with a time stamp date of service by the Middlesex County Sheriffs Office of March 7,2007.” Faneros further asserted that “this was the first time I became aware of the suit and its nature.”
Hamer did not file a counter affidavit or any other written opposition to Faneros’s motion to vacate default judgment An evidentiary hearing was, however, conducted by the trial court, which subsequently denied Faneros’s motion.
1. Although Faneros’s motion to vacate the default judgment did not specify the subsection of Mass. R. Civ. R, Rule 60(b), on which it was based, his arguments in both the motion and his brief on this appeal clarify that Faneros sought Rule 60(b) (4) relief from a default judgment he characterized as void for lack of proper service of process.
‘The concept of a void judgment from which a party is entitled to relief pursuant to Rule 60(b) (4) is narrowly construed.” Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219, citing Harris v. Sannella, 400 Mass. 392, 395 (1987). “A judgment is void only when entered without due process of law, or by a court which lacks either subject matter jurisdiction or personal jurisdiction over the defendant.” Id., citing Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983). Faneros argues that he was entitled to Rule 60 (b) (4) relief because he established, by uncon-troverted affidavit, that the default judgment entered against him was void for lack of personal jurisdiction due to Hamer’s failure to effect proper service. He points to Farley v. Sprague, 374 Mass. 419 (1978) and its progeny for the proposition that in “deciding [a] defendant’s motion[] under rule 60(b)(4), the motion judge [is] *158 required to accept as true the uncontroverted allegations in the defendant’s affidavits.” Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983), citing Farley, supra. See also Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003).
Faneros’s argument is erroneous on several levels. First, even assuming that the motion judge had been limited to, and thus bound by, Faneros’s uncontroverted affidavit, that affidavit failed to establish a lack of proper service of process. The sheriff’s return of service was prima facie evidence that Faneros had been served in the manner prescribed by Mass. R. Civ. R, Rule 4(d) (1).[3] Jackson v. Corley, 1997 Mass. App. Div. 25, 26. The burden, therefore, shifted to Faneros to demonstrate that service had not been effected in compliance with that rule. Id. Faneros failed to satisfy that burden. His uncontroverted averments established only that he did not receive the summons and complaint, or actual notice of Hamer’s lawsuit, in March, 2007. The affidavit did not demonstrate that service was improper or defective. See, e.g., Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, 200 (defendant’s uncontrovert-ed averments that her husband had hidden the process from her and that she did not know of the action until after default had entered did not establish that service was defective); Lumber Mut. Ins. Co., supra at 219 (defendant’s averment that he had not received service at his house because he had no mailbox or mail slot, no posted street number, and no storm or screen door did not prove failure of service). It is significant that Faneros never asserted in his affidavit that he did not live at the address where service of process by the sheriff was made. Cf. Farley, supra at 425; Fleishman, supra; Konan v. Carroll, 37 Mass. App. Ct. 225, 228-229 (1994).
Second, the trial court was not limited to Faneros’s affidavit in deciding his Rule 60(b) (4) motion because it conducted an evidentiary hearing. This case is, thus, distinguishable from Farley. There, the defendant moved to vacate the default judgment for lack of proper service and filed affidavits stating that he had not been a resident of Massachusetts for over 40 years. Farley, supra at 421-422. The plaintiff filed no counter affidavits, submitting only the return of service. Id. at 422. After a hearing at which no testimony was presented, the trial court denied the defendant’s motion. Id. The Supreme Judicial Court reversed, holding that “since the plaintiff failed to controvert the allegations of the defendant’s affidavit concerning his alleged residence and the insufficiency of the attempted service of process on him, the defendant was entitled to relief from the default judgment entered against him.” Id. at 425.
In this case, however, the trial court held a hearing on Faneros’s motion to vacate the default judgment at which, according to Hamer, the “[djefendant testified ... under oath,” and the “[pjlaintiff was given the opportunity to cross examine the [djefendant.” Faneros’s testimony may well have directly, or implicitly, contradicted his affidavit, or warranted a conclusion by the motion judge that his assertions were not credible. It is also conceivable that Hamer succeeded in rebutting Faneros’s claims. In any event, the propriety of the denial of Faneros’s Rule 60(b) (4) motion could not be considered on this appeal without reference to the evidence introduced *159 at the motion hearing. Yet Faneros elected to proceed by way of a Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal, a method of appeal that does not include a transcript.[4] Wine v. Wu, 46 Mass. App. Ct. 931, 932 (1999); 15-17 Univ., LLC v. Lucas, 2006 Mass. App. Div. 50, 50-51. Moreover,.Faneros not only failed to include a transcript of the evidentiary hearing, but also made no reference in his brief to the fact that such a hearing was ever held. It was Faneros’s burden, as the appellant, to provide this Division with an accurate and complete trial court record containing all materials necessary for our review of the motion ruling that is the basis of his appeal. Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). He failed to do so.
In short, as Faneros’s affidavit did not establish a lack of proper service of process by Hamer, and as Faneros omitted from the record before us the additional evidence presented to the trial court, he has failed to establish any error in the denial of his Rule 60(b) (4) motion to vacate judgment.[5]
2. Faneros’s second and final argument borders on the frivolous. He contends, erroneously, that the trial court clerk exceeded his authority in entering a default judgment pursuant to Mass. R. Civ. R, Rule 55(b) (3) in favor of Hamer.
Rule 55(6) (3) authorizes a district court clerk to enter a default judgment when the plaintiff’s claim is “for a sum certain or for a sum which can by computation be made certain.” “A ‘sum certain’ claim is one for damages which are ‘liquidated,’” Maiuri v. Tagessian, 1993 Mass. App. Div. 149, 151, quoting Kansky v. Harrison, 398 Mass. 1007 (1986), or
agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of [a] contract, or susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged.
Id., quoting Cochrane v. Forbes, 267 Mass. 417, 420 (1929). In addition, a sum that can by computation be made certain means a claim “capable of ascertainment from definite figures contained in the documentary evidence or in detailed uncontroverted affidavits.” Id., quoting National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 158 (1989).
Hamer sought in his complaint to retain the $11,000.00 deposit paid by Faneros based on a liquidated damages clause in the parties’ purchase and sale agreement permitting the retention of that deposit in the event of Faneros’s breach. ‘The clearest examples of a ‘sum certain’ are claims, respectively, on a note, a check, or a con *160 tract containing a liquidated damages provision.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §55.4, at 254 (2007). Liquidated damage clauses have been characterized as “agree [ments] in advance to a sum certain that represents a reasonable estimate of potential damages.” NPS, LLC v. Minihane, 451 Mass. 417, 423 (2008). See Kelly v. Marx, 428 Mass. 877, 882 (1999). Thus, the trial court clerk in this case properly entered a default judgment in favor of Hamer in the amount of the $11,000.00 deposit/liquidated damages sought in the complaint, plus statutory costs and interest calculated from the date of complaint filing.
Appeal dismissed.
So ordered.

 The sheriff’s return recites that he served Faneros by leaving a copy of the summons and complaint on March 7, 2007 at Faneros’s “last and usual place of abode,” 10 Munroe Street in Lowell, and by mailing copies to the same address on March 8, 2007.

 Hamer also attempted to serve Faneros in care of Attorney Brad Pacheco (“Pacheco”), an attorney in the Law Office of Louis M. Saab that has represented Faneros in this case both in the trial court and on this appeal. Pacheco had been representing Faneros in negotiations with Hamer for a settlement of their controversy, but refused to accept service of process on behalf of Faneros. In his motion to vacate judgment, Faneros claimed that Pacheco “had not been retained by Mr. Faneros on this particular matter and had not entered a notice of appearance.”

 Rule 4(d) (1) of the Mass. R. Civ. P. provides that service may be made “[ujpon an individual by delivering a copy of the summons and complaint to him personally; or by leaving copies thereof at his last and usual place of abode.”

 Rule 8A provides for an expedited appeal record in which the appellant is required to include, among other documents, “a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented.” Rule 8(a) (4). See Viano v. Prevett, 2003 Mass. App. Div. 140 n.1.

 Faneros specifically states in his brief that his motion for relief from judgment was not made pursuant to Rule 60(b) (1). Nor has he presented any argument that the lack of notice of the lawsuit that he claims would have qualified him for extraordinary relief under Rule 60(b) (6).