Ostrach, J.
We are asked in this case to review a trial judge’s decision, made almost a year after entry of judgment against a Massachusetts LLC, to substitute the individual members of the LLC in place of the LLC itself as personally liable for the judgment. Finding that Mass. R Civ. R, Rule 60, does not warrant such extraordinary relief in the circumstances of this case, we return the matter for reentry of the original judgment against the LLC alone.[4]
On May 13,2011, a jury in Barnstable District Court returned a verdict in favor of Marina Sales & Service, LLC (the “LLC”) in an action against Dennis Theoharidis (‘Theoharidis”) and Allen Renaud (“Renaud”), and a verdict in favor of Theoharidis and Renaud in their counterclaim against the LLC. On April 30, 2012, more than 11 months after final judgment entered on those verdicts, Theoharidis and Renaud (“movants”) filed a “Motion for Relief from Judgment Pursuant to Mass. R. Civ. R, Rule 60(b) (3) (6) [sic]” (“Rule 60 motion”). That motion was unaccompanied by any evidentiary affidavits.
The Rule 60 motion asked the trial court to vacate the judgment on the counterclaim against the LLC and instead enter judgment against Margaret, John, and Peter Kane and Danielle Duerr personally. The sole proffered basis for the Rule 60 motion was that the LLC had not informed the movants or the court that 14 months earlier, on March 21, 2011, a certificate of cancellation had been filed on the LLC’s behalf with the Secretary of State. That motion was opposed by the Kanes and Duerr (collectively, the “members”). The trial judge held a nonevidentiary hearing on the Rule 60 motion on May 18,2012, and on June 4, 2012 allowed it in a brief written opinion. *56 The judge’s rationale was that the “principals”[5] of the LLC did not disclose prior or during the trial that “Margaret Kane (a principal of the LLC and witness) filed [the] certificate of cancellation 10 days before the original trial date of March 31.”[6] The judge adopted the movants’ strained argument that G.L.c. 156C, §46 (b), which provides that a liquidating trustee who makes reasonable provision for paying all “obligations known” to the LLC shall not be personally liable to claimants of the dissolved LLC, creates by negative implication a right for claimants against the LLC to directly attack members’ personal assets. The judge’s exact words were that “[b]y their actions in dissolving the [LLC] within days of the original trial date and failing to disclose the fact that the company no longer existed as of the date of the trial [,] the principals [sic] placed their assets beyond the reach of [movants].” The judge directed a new judgment to issue, nunc pro tunc, against the individual members.
The movants filed a timely motion to reconsider, accompanied by two affidavits by Margaret Kane (“Kane”). That motion was denied without opinion by the trial judge, and this appeal followed.
Chapter 156C is a relatively new statute that created an enterprise new to Massachusetts law; the movants’ argument reflects two misunderstandings of that law. First, contrary to the position the movants pressed below, the personal assets of the members of the LLC were always presumptively beyond the reach of the movants, or any creditors of the LLC, just as assets of shareholders of an ordinary business coiporation are normally beyond the reach of the corporation’s creditors. The LLC law on this point is clear. “[N]o member or manager of [an LLC] shall be personally liable, directly or indirectly,... for any such debt, obligation or liability of [the LLC] solely by reason of being a member or acting as a manager of [the LLC].” G.L.c. 156C, §22. See Bishop, Unincorporated Limited Liability Business Organizations: Limited Liability Companies and Partnerships, 29 Suff. U.L. Rev. 985, 1004-1005 (1995); CMI Assocs., LLC v. Regional Fin. Co., 775 F. Supp. 2d 281, 288 (D. Mass. 2011). Section 46(b) does not change that proposition; instead, it builds upon it by creating an additional level of protection for a liquidating trustee.
Given that the members’ assets were, as a matter of black letter law, beyond the movants’ reach while the LLC was in existence, Kane’s filing of a certificate of cancellation with the Secretary of State had no consequence whatsoever for the movants’ right to access the members’ assets. The members could not have “placed their assets beyond the reach of [movants]” because those assets never had been within the movants’ reach at any time.
The second misunderstanding of the law in the movants’ case is their suggestion, adopted below, that filing the certificate of cancellation was equivalent to “dissolving” the LLC. It is not. Sections 43 and 44 of the LLC law provide five ways an LLC can be “dissolved,” none of which is cancellation. In the LLC law, “dissolution” essentially means that “the nature of the LLC ceases to be an operating company. Its sole objective is to conclude efficiently the business of the LLC.” Bishop, supra at 1052. “Cancellation,” which occurred in March, 2011, is a separate event that occurs after “the completion of the [post-dissolution] winding up” of the LLC. G.L.c. 156C, §14. *57 Based on the uncontroverted Kane affidavits, the LLC ceased business operations in January, 2010, which thus was the effective date of dissolution. Any concern that the members were attempting at the eleventh hour to change the LLC’s status in a way that would harm the movants was unwarranted, since the LLC’s cessation of operations had occurred over a year earlier, long before the LLC sued or the movants counterclaimed. Even if “dissolution” might have had a negative impact on claimants’ rights, it took place long before their claim had arisen and so no invidious motives can be attributed to the members.
The members raise several arguments in support of their appeal, but only one need be considered in depth.[7] Kane’s action in not notifying the movants or the trial court of the cancellation is simply not the kind of fraud or misrepresentation that might justify post judgment relief under Mass. R. Civ. R, Rule 60(b) (3). First, Kane had no duty to notify the movants or the court of her filing of a publically available, routine, and legally insignificant ministerial action. Second, cancellation did not change the movants’ rights against the members since, as just discussed, they had no such rights or, if they did, those rights survived the dissolution.[8] To prevail on a Rule 60(b)(3) claim, a party must show clear and convincing evidence of fraud or misrepresentation that significantly affects an opposing parly’s interests. Sahin v. Sahin, 435 Mass. 396, 405-406 (2001). There is no claim of misrepresentation here, and simple nondisclosure does not, without more, warrant setting aside judgment under Rule 60(b). Id. at 406.[9]
For these reasons, we vacate the order allowing the Rule 60(b)(3) motion, and return the matter for reentry of the original judgment.[10]
So ordered.

 Our task is made more difficult by the inexplicable failure of the parties who prevailed below to participate in any fashion in the appeal lodged against the decision allowing their post judgment motion. We are therefore constrained to accept the uncontroverted affidavits submitted by appellants except where contradicted by the record or the trial court’s findings.

 The trial judge consistently referred to the Kanes and Duerr as “principals,” but that term has no application to an LLC, an entity that, by law, has only “members.” G.L.c. 156C, §§2(8), 20.

 It appears that Kane actually did not testify at trial.

 Below, in footnote 10, we briefly discuss the appellants’ other arguments.

 The members concede this point.

 See Resmini v. M.J.M. Assocs., Inc., 2005 Mass. App. Div. 76, 78 (insinuation of bad faith in not providing a party a notice to which he was not entitled is not an allegation that even approaches the type or degree of misconduct required for Rule 60(b)(3) relief).

 First, the appellants correctly note that this is not a “piercing the [LLC] veil” case. No allegations of commingling or undercapitalization were made below and no such findings were made. Second, since this appeal can be resolved on the grounds discussed above, we express no opinion on the members’ due process argument that entering judgment against them personally without an evidentiary proceeding or jury trial was unconstitutional. Third, based again on the uncontroverted affidavits of Kane filed below, there were essentially no assets of the LLC long before the counterclaim was brought and so the factual predicate for the trial court’s decision, an intent to place assets beyond the movants’ reach, apparently never existed.
One final point might be noted. The movants’ basic claim is that the members intentionally attempted to frustrate the movants’ ability to collect on the counterclaim by moving assets out of the LLC. As noted, as a factual matter, this seems not to have been the case. But if it were, the movants’ most appropriate remedy, one still likely available to them, would seem to be the Uniform Fraudulent Transfer Act, G.L.c. 109A. See §§10 (a) and (b). Such actions are within the exclusive jurisdiction of the Superior Court, however. G.L.c. 214, §3(8).