NATIONAL GRANGE MUTUAL INSURANCE COMPANY *vs.*
RICHARD WALSH & others.[1]

No. 88-P-288.

Suffolk. February 10, 1989. — March 23, 1989.

Present: BROWN, DREBEN, & FINE, JJ.

*Practice Civil*, Default.

A defendant in a civil action who had not answered the complaint or filed
an appearance was not entitled to notice of the plaintiff's request for
default pursuant to Mass.R.Civ.P. 55(a). [156]

A judge who, on his own initiative, assigned for assessment of damages a
case in which a default had been entered more than two years and eight
months earlier for the defendant's failure to answer, had the power to
enter a default judgment even though the plaintiff made no application
therefor under Mass.R.Civ.P. 55(b) (2). [156-157]

No "good cause" within the meaning of Mass.R.Civ.P. 55(c) was shown
by the defendant in a civil action for the setting aside of a default entered
for failure to answer the plaintiff's complaint. [157]

In a civil action, calculation of the amount of damages assessed after a
default judgment was not shown to be supported by competent evidence,
and the matter was remanded for an evidentiary hearing on the issue of
damages. [157-158]

CIVIL ACTION commenced in the Superior Court Department
on June 7, 1984.

After entry of default, a proceeding for assessment of dam-
ages was heard by *Guy Volterra*, J.

*Edward Fegreus* for the defendant.

*David E. Neitlich* for the plaintiff.

DREBEN, J. The defendant appeals from a default judgment
for the plaintiff of $243,193.53. Brought on June 7, 1984, this
action sought damages for the defendant's failure to indemnify

---

[1] Warren Corporation and Walsh Co., Inc. Since these corporations were
defunct at the time of the complaint, we refer to the defendant in the singular.

the plaintiff in accordance with an agreement of indemnity. No answer or appearance was filed on behalf of the defendant. On January 22, 1985, the plaintiff filed a request for a default,[2] and on March 12, 1985, a default pursuant to Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), was entered. More than two years and eight months thereafter, on or about December 2, 1987, a judge of the Superior Court, sua sponte, assigned the case for the assessment of damages. Notice was sent to the parties that a hearing would be held on December 7, 1987. Solely on representations and a memorandum of the plaintiff's counsel, the judge assessed damages in the amount described and entered judgment. We affirm the judgment of default on the question of liability, but remand for a new hearing on the question of damages.

1. Contrary to the defendant's contention, he, not having appeared, was not entitled to notice of the request for default under rule 55(a), 365 Mass. 822 (1974). See Mass.R.Civ.P. 5(a) as amended, 387 Mass. 1221-1222 (1983); *Anderson* v. *Taylorcraft, Inc.*, 197 F. Supp. 872, 873 (D. Pa. 1961); 2 Moore's Federal Practice, par. 5.05 (2d ed. 1988); 4A Wright & Miller, Federal Practice & Procedure § 1144 (1987). This case is unlike *Feeney* v. *Abdelahad*, 6 Mass. App. Ct. 849, 850 (1978), where the defendant's attorney was known to the plaintiff's attorney and had expressed an intention of defending the action.

2. Relying on Mass.R.Civ.P. 55(b)(2), 365 Mass. 822-823 (1974), the defendant argues that in the absence of an application by the plaintiff the judge lacked power to enter the default judgment. That rule provides that in all cases not covered by Mass.R.Civ.P. 55(b)(1), 365 Mass. 822, where entry is by the clerk, "the party entitled to a judgment by default shall apply to the court." The claim is without merit.

Even in the absence of a statute or a rule of court, a judge has "the right and the duty to keep the judicial system in

---

[2] Before a default judgment may be entered under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), there must be an entry of default as provided by Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974). The entry under rule 55(a) is not a judgment.

efficient operation." *State Realty Co.* v. *MacNeil Bros.*, 358 Mass. 374, 379 (1970). Thus, a judge has inherent power, not derived from any rule, to dismiss a complaint on his or her own initiative, *Quincy Trust Co.* v. *Taylor*, 317 Mass. 195, 198 (1944); *State Realty Co.* v. *MacNeil Bros.*, 358 Mass. at 379, and may do so even where the conditions of Mass.R.Civ.P. 41(b)(1), 365 Mass. 804 (1974), have not been met. See *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021, 1022 n.4 (1985). The judge may mark a case for hearing, sua sponte, as was done in the present case. *Sweeny* v. *Home Owners' Loan Corp.*, 307 Mass. 165, 166 (1940), *Quincy Trust Co.* v. *Taylor*, 317 Mass. at 198. Here, it was only after marking the case up for hearing, and after questioning defense counsel, who by this time had appeared, that the judge entered the default judgment. In these circumstances, we have no doubt that the judge had power to enter judgment without an application from the plaintiff.[3]

3. Under Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974), the court may set aside an entry of default "[f]or good cause shown." There was no error in the judge's refusal to remove the default. The defendant's answer filed at the time of the December 7 hearing consisted only of conclusory statements to the effect that the plaintiff was responsible for the losses and that the plaintiff did not make a demand as required. The judge gave the defendant's counsel full opportunity to explain the merits of his case. On the basis of the agreement of indemnity which was before him and the statements of counsel, the judge was warranted in determining that the defendant's case was weak, if not nonexistent, and that there was no excusable neglect. There was no good cause shown.

4. There was, however, an absence of competent evidence of damages. See *Eisler* v. *Stritzler*, 535 F.2d 148, 153-154 (lst Cir. 1976); 10 Wright, Miller, & Kane, Federal Practice & Procedure § 2688 at 450 (1983); Smith & Zobel, Rules

---

[3] The defendant, not having appeared prior to the December 7, 1987 hearing, was not entitled to the seven-day notice, provided by rule 55(b)(2), of an application for a judgment of default. Nor did the appearance of counsel at the hearing trigger an additional seven-day notice period.

Procedure § 55.4 (1977). Cf. *Silkey* v. *New England Tel. & Tel. Co.*, 9 Mass. App. Ct. 816, 817 (1980). It was incumbent on the plaintiff to show either that the claims were for a sum certain or susceptible of mathematical calculation, see *Combs* v. *Coal & Mineral Management Servs., Inc.*, 105 F.R.D. 472, 474-475 (D.D.C. 1984), or to establish the amount of its damages. See *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (1st Cir. 1979).

The indemnity agreement provides that in the event of payment by the plaintiff, the "indemnitors agree to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof." No voucher or other evidence of payment was submitted. Only a conclusory memorandum prepared by counsel and his representations supported the judgment. These damages should not have been awarded without an evidentiary hearing or a computation from facts of record. See *Pope* v. *United States*, 323 U.S. 1, 12 (1944). The plaintiff has not shown here that the amount claimed "is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed [uncontroverted] affidavits." *Dundee Cement Co.* v. *Howard Pipe & Concrete Prod. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). See *United Artists Corp.* v. *Freeman*, 605 F.2d at 857; *Brockton Sav. Bank* v. *Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985), cert. denied, 475 U.S. 1018 (1986). Accordingly, we remand the matter to the Superior Court for proceedings consistent with this opinion on the issue of damages only. The question of liability is no longer open to the defendant.

*So ordered.*