Connors, Thomas A., J.
This is an action which stems from an incident in which a dog owned by the defendant, George M. Squires, bit Crystal M. Bashore (Crystal), the minor daughter of the plaintiffs, Ronnie L. and Jeanne M. Bashore, inflicting significant injury upon her. The plaintiff Ronnie L. Bashore filed this action seeking damages against the defendant on behalf of the minor Crystal, and each of the plaintiffs filed on their own behalf for loss of companionship. The complaint alleges claims for negligence as well as statutory claims arising under G.L.c. 140, §155.
Default was entered against the defendant for failure to answer the complaint. The plaintiffs marked up hearing for assessment of damages, which was conducted on October 12, 2005. The defendant appeared and participated in the hearing.[1]

Factual Background

Crystal Bashore was born on April 25, 1991. On May 21, 2002, she was residing with her parents in Billerica. On the afternoon of that day, she drove with her parents in their van to the defendant’s home. The defendant’s daughter, Ashley, had stayed with the Bashore family after school that day, and they were taking her home.
As Mr. Bashore along with Crystal and Ashley approached the defendant’s house, they saw the defendant’s dog chained to a pole at the properly. Mr. Bashore took out some dog biscuits which he had in his pocket and dropped them in proximity to the dog for him to eat. Crystal, who was familiar with the dog and had patted the dog before, moved toward the dog and bent down. Without warning, the dog lunged at Crystal, and bit her face and her right arm. Both Crystal and Ashley, who was nearby screamed. Both Mr. and Mrs. Bashore saw Crystal struggle with the dog.
Mr. Bashore ran to Crystal and took her back to the van. The skin on her right cheek had been tom away leaving the tissue underneath visible. She had a laceration on the chin area on the left side of her face and a puncture wound on her right arm. They drove to Lahey Clinic, where she was seen at the Emergency Room by a plastic surgeon who was on call at the time. The surgeon was able to suture Crystal’s right cheek and also cleaned the other facial wound and the puncture wound on Crystal’s arm. Crystal was at the Emergency Room for about four and a half hours.
Crystal saw a second plastic surgeon in a follow-up visit. She was advised to limit her physical exertion as her wounds healed, and was told to avoid any direct sunlight to the area of the facial injuries. Later, one of the facial wounds infected, and she had to be seen by a physician to drain the wound.
The Bashore family was very concerned as to the possibility that the defendant’s dog had not had all of his rabies shots, fearing possible transmission to Crystal. The dog was not rabid, and after initially being quarantined the dog was put to sleep.
Crystal was unable to return to her school for the remainder of her academic year and missed her fifth grade graduation as a result of the physical injury and the emotional upset which resulted from the incident. Her parents noticed significant changes in her behavior following the incident as she became more withdrawn.[2] Crystal was very much conscious of the physical marks left by the dog bites, and she took to wearing hats and visors and long-sleeved shirts to hide the wounds. She had less and less contact with her friends, and she also began to experience weight gain.
When Crystal did return to school the fall after the incident, her grades declined from her prior academic performance which had been good. Crystal also began to experience a pronounced fear of dogs after the incident.
Crystal had been treated by a psychiatrist from the Lahey Clinic, Loren Dribinsky, M.D., since February of 2000, some two years prior to the incident. After the May of 2002, Dr. Dribinsky’s treatment of Crystal *193 included treatment for acute post-traumatic stress disorder resulting from the incident. In an assessment dated June 14, 2005, Dr. Dribinsky noted that her mental state had been quite fragile prior to the incident, and that the trauma of the dog bites had resulted in a significant escalation of her symptoms.
Crystal has reached an end result with regard to the physical wounds she has suffered, with no surgical revisions anticipated. She has a visible irregular roughly “y” shaped scar on her right cheek, measuring approximately three to four centimeters. She also has a visible mark on her left arm resulting from the puncture wound there inflicted by the defendant’s dog.
The medical expenses which have been incurred by the Bashore family as a result of the dog bite incident total $2,517.22.

Ruling

In cases in which damages claimed by a party are not subject to precise mathematical computation or for a liquidated sum, the amount of damages awarded after default must be determined by proof presented at a hearing. Flaks v. Koegel, 504 F.2d 702 (2nd Cir. 1974). See also National Grange Mutual Insurance Co. v. Walsh, 27 Mass.App.Ct. 155 (1989). In that hearing to assess damages, the issue as to the defendant’s underlying liability is regarded as established, and it may not be contested. Mass. Rules of Civil Procedure, Rule 55, Reporter’s Notes. Although the proceeding is not a trial, the plaintiff, nonetheless, bears the burden of proving damages at the hearing conducted pursuant to Rule 55(b)(2).
The testimony and the other evidence presented at the assessment of damages hearing in this case reflect that Crystal Bashore, who was eleven years old at the time of the incident, experienced a severely traumatic event in the dog bite and its aftermath. While over time, the scar on her right cheek has faded to some extent, a permanent visible scar does remain to that prominent facial area. Crystal has suffered very significant physical pain and she has experienced long-term emotional distress as a result of the attack upon her by the defendant’s dog. The incident has had a significant negative impact upon her ability to enjoy life, most especially in the impairment on her ability to interact with friends, and also upon her school performance.
Additionally, there has also been harm inflicted upon both of Crystal’s parents, each of whom witnessed the dog’s attack on her, and as a consequence of her injury, experienced a loss of her society and companionship. Such loss is compensable in damages. G.L.c. 231, §85X. See also Leibovich v. Antonellis, 410 Mass. 568, 576-78 (1991). The family has also sustained a direct economic loss of $2,517.22 as reasonable medical expenses incurred for treating injuries resulting from the incident.

Order for Judgment

Damages are assessed against the defendant for Ronnie L. Bashore as parent and next friend of the minor child, Crystal Bashore, for her loss in the amount of $147,517.22.
Damages are assessed against the defendant for Ronnie L. Bashore for loss of companionship in the amount of $10,000.00.
Damages are assessed against the defendant, for Jeanne M. Bashore for loss of companionship in the amount of $10,000.00.

 It was represented at the hearing that the assessment had been scheduled for an earlier date at which the defendant also had appeared, and that the Court had continued the hearing to afford the defendant the opportunity to seek counsel relative to the assessment hearing itself or to any relief which he might seek concerning the default which had been entered. The defendant appeared at the October 12 hearing without counsel and had not taken any action concerning the default.

 Prior to the incident, Crystal already had been receiving treatment for several conditions which included obsessive/compulsive disorder, oppositional/defiant disorder, separation anxiety disorder, and Tourette’s Syndrome.