Connors, Thomas A., J.
This is an action which stems from an incident in which Brittany Nance (Brittany), the minor daughter of the plaintiff Rhonda Nance (Ms. Nance), was bitten by a dog in the common area of the condominium development in which she lived, inflicting significant injuiy upon her. Ms. Nance filed this action on behalf of her daughter seeking damages against the dog’s owner, John Labadie, and also against Marilyn Krentzin, who owned the condominium unit which Labadie was renting, against Nashoba Valley Townhouse Condominiums (Nashoba) in which that unit was located, and against Alpine Property Management (Alpine) which managed the development.
The claim for Brittany’s injuries against Krentzin was settled for $15,000.00. She has also settled her claim against Nashoba and Alpine for an aggregate payment of $10,000.00. Labadie did not file any responsive pleading to the complaint and has been defaulted. Hearing on this motion to assess damages, at which Labadie did not appear, took place on October 26, 2005.

Factual Background

On August 21, 2001, Brittany who was nine years old at the time was playing in the common area of the condominium development. She was attacked by a pit bull named “Mocha” who was tethered to a stake. The dog was owned by Labadie, who was renting a unit at the development. The attack resulted in complex facial lacerations to Brittany’s right cheek at the area of her jawline.
Brittany received medical treatment at the Emerson Hospital in Concord where she was seen at the Emergency Room. She was treated by a plastic surgeon, Dr. Paul D. Costas, who wrote a brief medical report dated September 6, 2001. Brittany returned to see Dr. Costas for follow-up treatment on August 24 and again on September 11, 2001. His Office Notes reflected that the wound was beginning to heal. He also noted that the attack by the dog had left the young girl traumatized.
*230 The total medical expenses resulting from the dog bite total $447.13. While healing has taken place, Brittany has a permanent scarring mark along the jawline of her right cheek, which is several inches long. She also has a smaller and less distinct mark in the middle of the right cheek.

Ruling

In cases in which damages claimed by a party are not subject to precise mathematical computation or for a liquidated sum, the amount of a damage award following default must be determined by proof presented at a hearing. Flaks v. Koegel, 504 F.2d 702 (2nd Cir. 1974). See also National Grange Mutual Insurance Co. v. Walsh, 27 Mass.App.Ct. 155 (1989). In the hearing for assessment of damages, the issue as to the defendant’s underlying liability is regarded as established, and it may not be contested. Mass. Rules of Civil Procedure, Rule 55, Reporter’s Notes. Although the proceeding is not a trial, the plaintiff, nonetheless, bears the burden of proving damages at the hearing conducted pursuant to Rule 55(b)(2).
The evidence which was presented at the hearing on the assessment of damages, including the photographic evidence and medical report, reflect that Brittany Nance who was nine years old at the time of the incident, experienced a severely traumatic event in the dog bite and its aftermath. While over time, the scarring to her right cheek has faded to an extent, permanent visible scarring does remain to that prominent facial area, principally, the lengthy scar along the jawline. Brittany suffered very significant physical pain and she has experienced significant emotional distress as a result of the attack upon her by the defendant Labadie’s dog. In addition to those damages, Brittany and her family have had a direct financial loss of $447.13 as reasonable medical expenses for the treatment of her injuries resulting from this incident.
The claims which Brittany has brought against other parties alleged to have been responsible for her injuries have been settled by payments totaling $25,000.00. Under the statute which governs liabiliiy for injury alleged to have been caused by multiple parties, where a party has been found liable for an injury, an award of damages should be reduced by any amount which has been paid by a joint tortfeasor for the same injury. G.L.c. 23 IB, §4(a). See Scannell v. Ed Ferreirinha & Irmao, Lda., 401 Mass. 155, 165 (1987). See also Selby v. Kuhns, 345 Mass. 600, 606-07 (1963). Given the identity of the injury for which liability is asserted against Labadie, Krentzin, Nashoba, and Alpine, the damages resulting to Brittany in this action against Labadie are reduced by the amount of settlement paid by the latter three.

Order for Judgment

Total damages for the injuries sustained are assessed in the amount of $100,000.00. With the reduction pursuant to c. 231B §4(a) for amounts previously paid by joint tortfeasors, judgment against the defendant Labadie enters in the amount of $75,000.00.