Troy, PaulE., J.
PlaintiffLouis Pizzano (Pizzano) filed this action alleging intentional infliction of emotional distress (Count I) and requesting damages and attorneys fees pursuant to G.L.c. 231, §6f (Count II) as a result of certain statements made by the defendant, Joseph Pro-vensano (Provensano), in a criminal complaint, an affidavit in support of an abuse prevention order pursuant to G.L.c. 209A, and in a subsequent deposition, all of which alleged that Pizzano had threatened to kill him. Provensano counterclaimed, alleging defamation (Count I) and a violation of his civil rights under G.L.c. 12, §11H and 111 (Count II). The matter is before the court on Pizzano’s renewed motion for summary judgment. For the following reasons, and on the court’s own motion, the plaintiffs case is DISMISSED.
BACKGROUND
The following events are not in dispute. On April 15, 2005, Provensano filed a criminal complaint with the Revere Police Department claiming that Pizzano had called from his cell phone and threatened to kill him. Provensano followed this up on April 20, 2005, with an application for an abuse prevention order pursuant to G.L.c. 209A accompanied by a supporting affidavit alleging the above threat and, additionally, claiming that the same day Pizzano drove by the defendant’s house flashing a gun. Pizzano appeared in the Chelsea District Court to deny these allegations, but the restraining order issued against him.[1]
Subsequently, Pizzano obtained telephone records indicating that no such call was made by him or received by Provensano. As a result he has brought the instant action, alleging that Provensano’s perjured testimony in the affidavit in support, of the 209A request, as well as in a subsequent deposition, intentionally caused him emotional distress. Another judge, on March 31, 2006, ordered an attachment of trustee process, finding that Pizzano had a likelihood of success on the merits, given the documented lack of any telephone call from Pizzano to Provenzano on the date in question. Pizzano filed a motion for summary judgment which was denied on the grounds that there were genuine issues of material fact as to Provensano’s intent and Pizzano’s degree of emotional distress, issues that could be decided only after a fact finder made a determination as to the credibility of the parties. On July 2, 2007, Pizzano filed his motion for reconsideration.
DISCUSSION
“Even in the absence of a statute or a rule of court, a judge has the right and the duty to keep the judicial system in efficient operation.” National Grange Mutual Ins. Co. v. Walsh, 27 Mass.App.Ct. 155, 156 (1989) (quoting State St. Realty Co. v. MacNeil Bros., 358 Mass. 374, 379 (1970)) (internal quotations omitted). A judge, therefore, “has the inherent power, not derived from any rule, to dismiss a complaint on his or her own initiative . . . and may do so even if the conditions of Mass.R.Civ.P. 41(b)(1) have not been met.” National Grange, 27 Mass.App.Ct. at 156. A claim may be dismissed if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992) (quoting Conley v. Gibson, 355 U.S. 41, 54-46 (1957)) (internal quotations omitted) . A motion to dismiss will lie where a defect appears on the face of the record. Commissioner of Corp. and Taxation v. Aetna Life Ins. Co., 328 Mass. 404, 409 (1952).
The Supreme Judicial Court addressed the issue of allegedly false testimony made to police during the course of a criminal investigation in Correllas v. Viveiros, 410 Mass. 314, 315 (1991). The defendant in that case also testified, allegedly falsely, at trial. Id. The plaintiff subsequently filed an action claiming, inter alia, defamation and intentional infliction of emotional distress. Id. at 316. As the court stated, “(s)tatements made in the course of a judicial proceeding which pertain to that proceeding are, of course, absolutely privileged and cannot support a claim of defamation, even if uttered with malice or in bad faith.” Id. at 319.[2] For important policy reasons, “an absolute privilege is favored because any final judgment may depend largely on the testimony of the party or witness, and full disclosure, in the interests of justice, should not be hampered by fear of an action for defamation ... It is more important that witnesses be free from the fear of civil liability for what they say than *358 that a person who has been defamed by their testimony have a remedy.” Id. at 320. These considerations apply equally to statements made before trial. “Under Massachusetts law, statements made to police or prosecutors prior to trial are absolutely privileged if they are made in the context of a proposed judicial proceeding.” Id. at 320-21.
In Fisher v. Lint, 69 Mass.App.Ct. 360, 369 (2007), the Massachusetts Appeals Court held that statements made in an internal investigation and report on the plaintiffs alleged misconduct that formed the basis for an administrative, quasi-judicial hearing, were protected by absolute privilege. The determinative factor in deciding that statements made prior to the judicial proceeding were privileged was the defendant’s knowledge that he would have to repeat any allegations under oath, and face potential punishment if his testimony was false. Id. at 370. Thus where judicial proceedings are contemplated in good faith and under serious consideration by the possible party to the proceeding, absolute privilege applies. Restatement (Second) of Torts §588 (1977).
In Hartford v. Hartford, 60 Mass.App.Ct. 446, 447 (2004), the court addressed statements made prior to and in an affidavit in support of an application for an abuse prevention order. The defendant applied for the protective order, repeating allegations of abuse previously made to the plaintiffs parole officer. Id. The plaintiff alleged the statements in the affidavit in support of the c. 209A order were false, and filed an action for defamation. Id. The court noted that any statements made by the defendant to the police or in connection to her request for a c. 209A restraining order were absolutely privileged. Id. at 450.
There can be no question that Provensano contemplated judicial proceedings when he filed the criminal complaint, as this formed the basis of his application for an abuse prevention order. Pizzano has produced evidence that he never called Provensano and thus it is likely that the allegations in this regard were false.[3] Nonetheless, public policy considerations dictate the result reached here. In the absence of absolute privilege, every witness or complainant would be vulnerable to an action sounding in tort, thus discouraging full disclosure. See Correllas, 410 Mass. at 320. Furthermore, regardless of the truth or falsehood of contested testimony, the plethora of complaints that could result would severely compromise the efficiency of the judicial system. As absolute privilege protects all Provensano’s statements, Pizzano “can prove no set of facts in support of his claim which would entitle him to relief.” General Acceptance Corp., 413 Mass. at 584.
ORDER
For the foregoing reasons, and upon the court’s own motion, it is ORDERED that the plaintiffs complaint, and the defendant’s counterclaim which is based on that complaint, be DISMISSED.

There is no indication as to the date the order issued.

The court noted that, because the defendant’s statements that formed the basis for the plaintiffs claim for intentional infliction of emotional distress were made “in circumstances rendering them absolutely privileged, that claim must also fail. A privilege which protected an individual from liability for defamation would be of little value if the individual were subject to liability under a different theory of tort.” Correllas v. Viveiros, 410 Mass. 314, 324 (1991).

Pizzano has not provided evidence that he did not drive by Provensano’s house waving a gun, as Provensano claims.