NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-785

JON MYERS

vs.

DAVID NATHAN MYERS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal in one of a series of cases between Jon Myers and various family members.[2]  On March 20, 2025, the plaintiff filed a request seeking approval to file a suit against David Nathan Myers and Nomi Stolzenberg.[3]  On March 21,

---

[1] Nomi Stolzenberg.

[2] E.g., Myers vs. Myers, Mass. Super. Ct., No. 1381CV04678 (Middlesex County); Myers vs. Myers, Mass. Super. Ct., No. 1281CV01904 (Middlesex County); Myers vs. Myers, Mass. Super. Ct., No. 0881CV02800 (Middlesex County); Myers vs. Kaplan, Mass. Super. Ct., No. 0681CV04384 (Middlesex County).  See Bogertman v. Attorney Gen., 474 Mass. 607, 616 (2016) (court can take judicial notice of facts "that are indisputably true").

[3] Although not readily ascertainable from the plaintiff's brief, it appears the plaintiff previously "entered into a 2011 settlement agreement wherein he agreed to 'cease and desist from . . . filing or threatening to file any and all lawsuits on any matter whatsoever against any of his family members.'"  Myers v.

2025, a Superior Court judge denied the request because "the complaint, as drafted, does not meet the pleading requirements of Mass. R. Civ. P. 8," 365 Mass. 749 (1974), and "fail[s] to give the defendant[s] fair notice of what the plaintiff's [claims are] and the grounds upon which [they rest]" (quotation omitted).  The judge also noted that "claims in tort . . . must be brought within three years."  The judge denied the plaintiff's motion for reconsideration on May 27, 2025. Judgment entered dismissing the plaintiff's complaint with prejudice the same day.  This appeal followed.[4]

"[A] judge has inherent power . . . to dismiss a complaint on his or her own initiative."  National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 157 (1989).  The plaintiff does not attempt to explain any error in the judge's conclusions, thus waiving any such claim, see Mass. R. A. P. 16 (a) (9) (A),

---

Myers, 102 Mass. App. Ct. 1118 (2023), cert. denied, 144 S. Ct. 1116 (2024).  A subsequent agreement for judgment precluding the plaintiff "from filing a new suit . . . against any relative . . . without first obtaining leave from the Regional Administrative Justice" was "entered as an order of the court" (quotation omitted).  Id.  See Bogertman, 474 Mass. at 616.

[4] The plaintiff's notice of appeal lists the prejudgment orders denying his request to commence a new lawsuit and denying his motion for reconsideration.  Those orders are reviewable in this appeal from the final judgment in this matter.  See Mass. R. A. P. 3 (c) (1), as appearing in 491 Mass. 1601 (2023).

2

as appearing in 481 Mass. 1628 (2019), and we discern none.

Judgment affirmed.

By the Court (Desmond,
  D'Angelo & Smyth, JJ.[5]),

Clerk

Entered:  February 12, 2026.

---

[5] The panelists are listed in order of seniority.